[Cite as *State v. Karl R. Rohrer Assocs., Inc.*, 2018-Ohio-65.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, BY AND THROUGH JERRY WRAY, DIRECTOR, OHIO DEPARTMENT OF TRANSPORTATION, ET AL. | JUDGES: Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellants | Case No. 2017AP030008 |
| -vs- | O P I N I O N |
| KARL R. ROHRER ASSOCIATES, INC. | |
| Defendant-Appellee | |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County
                              Common Pleas Court, Case No.
                              2015CV030118

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       January 8, 2018

APPEARANCES:

For Plaintiff-Appellants                For Defendant-Appellee

MICHAEL DEWINE                          BRIAN T. WINCHESTER
Ohio Attorney General                   PATRICK J. GUMP
CRAIG D. BARCLAY                        McNeal Schick Archibald & Biro Co., LPA
WILLIAM C. BECKER                       123 West Prospect Avenue, Suite 250
Assistant Attorneys General             Cleveland, OH 44115
Court of Claims Defense Section
150 E. Gay Street, 18th Floor           For Amicus Curiae, AIA Ohio
Columbus, OH 43215
                                        LUTHER L. LIGGETT, JR.
                                        Graff and McGovern LPA
                                        604 E. Rich Street
                                        Columbus, OH 43215

*Hoffman, J.*

**{¶1}** Appellants State of Ohio, by and through Jerry Wray, Director, Ohio Department of Transportation and Ohio Department of Administrative Services, n/k/a Ohio Facilities Construction Commission, appeal the directed verdict entered by the Tuscarawas County Common Pleas Court dismissing their breach of contract action against Appellee Karl R. Rohrer Associates Inc.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In 1992, and 1993, Appellee submitted two proposals to provide engineering services for the construction of the Ohio Department of Transportation (hereinafter "ODOT") District 11 garage in New Philadelphia, Ohio. Appellee signed an agreement with the Ohio Department of Administrative Services (hereinafter "ODAS") to provide design services related to structural engineering and related supervision for the construction of the garage. Structural designs for the project were provided by the State Architect's Office (hereinafter "SAO").

**{¶3}** In 1997, the SAO became aware of issues with the brick around five windows of the completed building. Appellee paid ODAS $68,000.00 to remediate the issue around the windows.

**{¶4}** Appellants later claimed all windows showed some degree of impermissible rotation of the steel supporting the brick, causing the brick around the windows to crumble and/or crack. Appellants further claimed the two-plus-story garage walls of the facility were not adequately supported. Appellants filed the instant action on March 3, 2015, for negligence, breach of contract, and declaratory judgment.

{¶5} On September 28, 2015, Appellee filed a motion for judgment on the pleadings, arguing Appellants' complaint was barred by Ohio's statute of repose, R.C. 2305.131. The trial overruled the motion on December 31, 2015, finding R.C. 2305.131 is generally worded and does not say it applies to the State, and Appellants were exempt from operation of the statute by the doctrine of *nullum tempus.*

{¶6} The case proceeded to jury trial on February 22 and 23, 2017. Prior to trial, Appellants dismissed their claims for negligence and for declaratory judgment.

{¶7} At the close of the presentation of Appellants' case at trial, Appellee moved for directed verdict on various grounds, again arguing the action was barred by R.C. 2305.131. Tr. 445. The trial court directed a verdict as follows:

Based upon evidence illicited [sic] by the Plaintiffs from Defendant's principal, the Agreement was acknowledged, the Defendant stated that the work was performed, and the Defendant affirmed that it was paid upon completion of the work.

Based upon the evidence presented by Plaintiffs' expert, the claims for damage were proximately caused by inadequate design, regarding the standard of care for engineering.

The Complaint, Pre-trial Statement, and finally, the evidence at trial, presented a claim in tort. See *Crowninshield/Old Town Cmty. Urban Redevelopment Corp. v. Campeon Roofing & Waterproofing,* 1st Dist. Hamilton Nos. C-940731, C-940748, 1996 Ohio App. Lexis 1514 (Apr. 17, 1996). The claims and opinions demonstrate a belief that the Defendant

failed in its rendering of services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances.  See *Illinois National Insurance Co., v. Wiles, Boyle, Burkholder & Bringardner Co., LPA,* 10th Dist. Franklin No. 10AP-290, 2010-Ohio-5872.

Therefore, the Court found that the evidence presented in support of the breach of contract sounds in tort, and that the Plaintiffs failed to present any evidence that the Defendant breached the contract.  Judgment Entry, February 28, 2017.

**{¶8}** From this entry Appellants prosecute their appeal, assigning as error:

"THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR DIRECTED VERDICT AND FINDING THAT THE STATE OF OHIO'S CASE 'SOUNDED IN TORT' AND THAT THE STATE COULD ONLY SUE IN TORT DESPITE IT HAVING A CONTRACT WITH A DESIGN ENGINEER AND THEN GOING ON TO INCONSISTENTLY HOLD THAT THE STATE OF OHIO FAILED TO PROVE A BREACH OF CONTRACT CLAIM (AS THOUGH THE CASE ALSO 'SOUNDED IN CONTRACT')."

**{¶9}** Appellee assigns the following cross-assignments of error to the judgment of the trial court:

"I.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION FOR RECONSIDERATION, AND MOTION FOR DIRECTED VERDICT THAT PLAINTIFFS' CLAIMS WERE BARRED BY THE STATUTE OF REPOSE.

"II.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AS TO PLAINTIFF OHIO DEPARTMENT OF TRANSPORTATION'S LACK OF CONTRACTUAL PRIVITY WITH THE DEFENDANT.

"III.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AS TO PLAINTIFF OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES' LACK OF STANDING.

"IV.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AS THE PLAINTIFFS FAILED TO PRESENT EVIDENCE THAT IT SUBSTANTIALLY PERFORMED THE APPLICABLE CONTRACT.

"V.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER OR TO ALLOW ITS ANSWER TO CONFORM TO THE EVIDENCE.

"VI.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AS PLAINTIFFS' CLAIMS WERE BARRED BY THE DOCTRINE OF ACCORD AND SATISFACTION.

"VII.    THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AS THE PLAINTIFFS FAILED TO PRESENT ANY EVIDENCE AS TO THE DIMINUTION IN VALUE OF THE SUBJECT PROPERTY."

Cross-Assignment I.

{¶10} We address Appellee's first cross-assignment of error first, as we find it dispositive of the entire appeal.  Appellee argues the trial court erred in denying its motion for judgment on the pleadings, motion for reconsideration of its decision on the motion for judgment on the pleadings, and motion for directed verdict, asserting Appellants' cause of action is barred by the statute of repose.  We agree.

{¶11} Civ. R. 12(C) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ. R. 12(B)(6) motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources*, 106 Ohio App.3d 88, 91, 665 N.E.2d 278 (1995). A reviewing court need not defer to the trial court's decision in such cases. *Id.*

{¶12} A motion for a judgment on the pleadings, pursuant to Civ. R. 12(C), presents only questions of law. *Peterson v. Teodosia*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973). The determination of a motion under Civ. R. 12(C) is restricted solely

to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*, 1 Ohio App.2d 133, 135, 204 N.E.2d 100 (1964). In considering such a motion, one must look only to the face of the complaint. *Nelson v. Pleasant*, 73 Ohio App.3d 479, 597 N.E.2d 1137 (1991).

**{¶13}** A trial court's decision on a motion for directed verdict presents a question of law, which an appellate court reviews de novo. *Groob v. Keybank*, 108 Ohio St.3d 348, 2006–Ohio–1189, 843 N.E.2d 1170. Civil Rule 50 provides a motion for directed verdict may be made at the opening statement of the opponent, at the close of opponent's evidence, or at the close of all the evidence. Upon receiving the motion, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. Civil Rule 50(A)(4). If the trial court finds on any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, then the court shall sustain the motion and direct the verdict as to such issue. A directed verdict is appropriate where a plaintiff fails to present evidence from which reasonable minds could find in plaintiff's favor. *See Hargrove v. Tanner*, 66 Ohio App.3d 693, 586 N.E.2d 141 (9th Dist. Summit 1990).

**{¶14}** On September 28, 2015, Appellee filed a motion for judgment on the pleadings, arguing Appellants' complaint was barred by Ohio's statute of repose, R.C. 2305.131. The trial overruled the motion on December 31, 2015, finding R.C. 2305.131 is generally worded and does not say it applies to the State, and Appellants were exempt from operation of the statute by the doctrine of *nullum tempus.*

**{¶15}** At the close of the presentation of Appellants' case at trial, Appellee moved for directed verdict, again arguing the action was barred by R.C. 2305.131. Tr. 445. The trial court granted directed verdict on other grounds.

**{¶16}** R.C. 2305.131, Ohio's statute of repose, provides:

(A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

(2) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code, a claimant who discovers a defective and unsafe condition of an improvement to real property during the ten-year period specified in division (A)(1) of this

section but less than two years prior to the expiration of that period may commence a civil action to recover damages as described in that division within two years from the date of the discovery of that defective and unsafe condition.

(3) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code, if a cause of action that arises out of a defective and unsafe condition of an improvement to real property accrues during the ten-year period specified in division (A)(1) of this section and the plaintiff cannot commence an action during that period due to a disability described in section 2305.16 of the Revised Code, the plaintiff may commence a civil action to recover damages as described in that division within two years from the removal of that disability.

(B) Division (A) of this section does not apply to a civil action commenced against a person who is an owner of, tenant of, landlord of, or other person in possession and control of an improvement to real property and who is in actual possession and control of the improvement to real property at the time that the defective and unsafe condition of the improvement to real property constitutes the proximate cause of the bodily injury, injury to real or personal property, or wrongful death that is the subject matter of the civil action.

(C) Division (A)(1) of this section is not available as an affirmative defense to a defendant in a civil action described in that division if the

defendant engages in fraud in regard to furnishing the design, planning, supervision of construction, or construction of an improvement to real property or in regard to any relevant fact or other information that pertains to the act or omission constituting the alleged basis of the bodily injury, injury to real or personal property, or wrongful death or to the defective and unsafe condition of the improvement to real property.

(D) Division (A)(1) of this section does not prohibit the commencement of a civil action for damages against a person who has expressly warranted or guaranteed an improvement to real property for a period longer than the period described in division (A)(1) of this section and whose warranty or guarantee has not expired as of the time of the alleged bodily injury, injury to real or personal property, or wrongful death in accordance with the terms of that warranty or guarantee.

(E) This section does not create a new cause of action or substantive legal right against any person resulting from the design, planning, supervision of construction, or construction of an improvement to real property.

(F) This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after the effective date of this section, in which this section is relevant, regardless of when the cause of action accrued and notwithstanding any other section of the Revised Code or prior rule of law

of this state, but shall not be construed to apply to any civil action pending prior to the effective date of this section.

(G) As used in this section, "substantial completion" means the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first.

{¶17} It is undisputed Appellants filed the instant action more than ten years after the building was substantially complete. Therefore, the only issue before us is whether the statute applies to Appellants' breach of contract claim against Appellee.[1]

{¶18} Appellants argue R.C. 2305.131 does not apply to breach of contract actions, citing *Kocisko v. Charles Shutrump & Sons Co.,* 21 Ohio St. 3d 98, 488 N.E.2d 171 (1986). In *Kocisko* the Ohio Supreme Court found a prior version of R.C. 2305.131 applies only to actions which sound in tort. *Id.* at syllabus. Actions in contract are governed by the fifteen-year statute of limitations set forth in R.C. 2305.06. *Id.*

{¶19} In so holding, the Ohio Supreme Court referred to the prior version of R.C. 2305.131 as a ten-year statute of limitations. *Id.* at 99, 488 N.E.2d at 172. The statute in effect at the time provided in pertinent part:

---

[1] Appellants' claims for negligence and declaratory judgment were dismissed prior to trial.

No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property . . . *shall be brought* against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction (emphasis added).

**{¶20}** The court concluded this ten-year statute of limitations did not apply to contract actions, which were governed by the fifteen-year statute of limitations found in R.C. 2305.06.

**{¶21}** Further, the court in *Kocisko* found the complaint did not allege an injury to person or property arising out of a defective and unsafe improvement to real property. Rather, the plaintiff sought recovery for damages flowing from the installation of a leaky roof in breach of their various contracts. *Id.* Thus, while holding generally R.C. 2305.131 did not apply to breach of contract actions, the court looked at the complaint to determine what type of injury the plaintiff alleged.

**{¶22}** The dissenting justices found the plain language of the statute, stating "no actions" for certain types of injuries shall be brought more than ten years after the cause of action arose, did not distinguish between contract, tort, or other forms of actions. *Id.* at 100, 488 N.E.2d at 173. The dissenting opinion further looked to the intention of the legislature in adopting the statute to support its position the statute was not limited to tort actions:

The parties agree that R.C. 2305.131 was adopted to protect architects and builders when the demise of the privity of contract doctrine broadly extended their potential liability to third parties. Almost every state, including Ohio, enacted this type of statute, recognizing that architects and builders were exposed to liability for an indefinite time due to the longevity of buildings. Over such a long time, evidence becomes stale and intervening negligence could and does occur. I find unpersuasive the argument that the legislature would have passed such legislation intending it to apply only to tort claims but not to contract claims that allege the same type of injury. If the legislature intended to restrict the limitations period to a particular form of action, it could have done so explicitly. *Id.*

{¶23} In *Hedges v. Nationwide Mut. Ins. Co.,* 109 Ohio St.3d 70, 2006-Ohio-1926, 846 N.E.2d 16, ¶¶ 24-25 (2006), the Ohio Supreme Court held changes to the statutory language in the area of uninsured/underinsured motorist law cured the ambiguity that concerned the court in a prior case interpreting the statute, and therefore the prior holding of the court did not apply to the new version of the statute.  In the instant case, the current statute is clearly not a statute of limitations as the *Kocisko* court characterized the prior version of R.C. 2305.131.   Rather than limiting the time in which the action may be brought, the current statute prevents the cause of action from accruing after ten years has passed, stating "no cause of action shall accrue" later than ten years from the date the project was substantially completed.

**{¶24}** In addition, R.C. 2305.131 states:

(F) This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner *in any civil action* commenced on or after the effective date of this section, *in which this section is relevant*, regardless of when the cause of action accrued and *notwithstanding any* other section of the Revised Code or *prior rule of law of this state*, but shall not be construed to apply to any civil action pending prior to the effective date of this section (emphasis added).

**{¶25}** The statute itself sets forth the legislature's intention it apply to any civil action in which it is relevant, regardless of any prior rule of law of this state, presumably including case law based on the prior version of the statute and/or any common law precedent.

**{¶26}** Therefore, we find *Kocisko* is not binding authority on this Court in interpreting the current version of the statute.

**{¶27}** The legislature set forth its purposes for reenactment of the statute of repose following the Ohio Supreme Court's declaration the prior version was unconstitutional:

In enacting section 2305.131 of the Revised Code in this act, it is the intent of the General Assembly to do all of the following:

(1) To declare that the ten-year statute of repose prescribed by section 2305.131 of the Revised Code, as enacted by this act, is a specific provision intended to promote a greater interest than the interest underlying the general four-year statute of limitations prescribed by section 2305.09 of the Revised Code, the general two-year statute of limitations prescribed by section 2305.10 of the Revised Code, and other general statutes of limitation prescribed by the Revised Code;

(2) To recognize that, subsequent to the completion of the construction of an improvement to real property, all of the following generally apply to the persons who provided services for the improvement or who furnished the design, planning, supervision of construction, or construction of the improvement:

(a) They lack control over the improvement, the ability to make determinations with respect to the improvement, and the opportunity or responsibility to maintain or undertake the maintenance of the improvement;

(b) They lack control over other forces, uses, and intervening causes that may cause stress, strain, or wear and tear to the improvement.

(c) They have no right or opportunity to be made aware of, to evaluate the effect of, or to take action to overcome the effect of the forces, uses, and intervening causes described in division (E)(5)(b) of this section.

(3) To recognize that, more than ten years after the completion of the construction of an improvement to real property, the availability of relevant

evidence pertaining to the improvement and the availability of witnesses knowledgeable with respect to the improvement is problematic;

(4) To recognize that maintaining records and other documentation pertaining to services provided for an improvement to real property or the design, planning, supervision of construction, or construction of an improvement to real property for a reasonable period of time is appropriate and to recognize that, because the useful life of an improvement to real property may be substantially longer than ten years after the completion of the construction of the improvement, it is an unacceptable burden to require the maintenance of those types of records and other documentation for a period in excess of ten years after that completion;

(5) To declare that section 2305.131 of the Revised Code, as enacted by this act, strikes a rational balance between the rights of prospective claimants and the rights of design professionals, construction contractors, and construction subcontractors and to declare that the ten-year statute of repose prescribed in that section is a rational period of repose intended to preclude the pitfalls of stale litigation but not to affect civil actions against those in actual control and possession of an improvement to real property at the time that a defective and unsafe condition of that improvement causes an injury to real or personal property, bodily injury, or wrongful death.  2004 SB 80 § 3, eff. 4–7–05.

**{¶28}** We find the stated concerns underlying enactment of the statute apply to actions brought against design professionals for injury to person or property caused by a defective or unsafe improvement to real property, whether such action sounds in tort or contract.

**{¶29}** In addition, the legislative history quoted above reflects an intent to promote a greater interest than the "four-year statute of limitations prescribed by section 2305.09 of the Revised Code, the general two-year statute of limitations prescribed by section 2305.10 of the Revised Code, *and other general statutes of limitation prescribed by the Revised Code.*" The inclusion of other statutes of limitations beyond R.C. 2305.09 (certain torts) and R.C. 2305.10 (products liability) implies the statute applies to non-tort actions which allege the type of injury set forth in the statute.

**{¶30}** It matters not whether the action is brought in tort or contract, if the resultant damages are injury to property of the type set forth in R.C. 2305.131, the statute applies.

**{¶31}** In its complaint, Appellants state in their introduction:

> 6. Defendant Rohrer failed to perform and otherwise breached its contract, breached its standard of care, failed to identify defective work for correction and otherwise failed to comply with the requirements of the Contract Documents.
>
> 7. Said breaches of contract and negligence included but were not limited to: failure to design, advise, and properly monitor construction of brick and steel lintels over long-span window openings, forty-five in all, causing window displacement, and corresponding cracking of brick with

related leakage; failure to design, advise and properly monitor construction of walls and footer/foundation throughout, especially in high wall areas – all violating basic engineering standards.

**{¶32}** In its prayer for relief for breach of contract, Appellants' complaint states:

14.  As a direct and proximate result of Rohrer's breach of contract, ODOT has incurred and will incur additional costs and damages to repair and replace defective and non-complying structural design, workmanship, and materials in an amount in excess of $1.5 million plus prejudgment interest, and other compensatory and consequential damages in an amount to be proven at trial.

**{¶33}** Appellants' claim for negligence sets forth a nearly-identical prayer for damages:

17.  As a direct and proximate result of the negligence of Defendant Rohrer, the Plaintiffs have incurred and will incur additional costs and damages to repair and replace defective and non-complying designs, work and materials in an amount in excess of $1.5 million, plus prejudgment interest, and other compensatory and consequential damages, to be proven at trial.

**{¶34}** We find the instant action is an action for damages to property caused by defective design to an improvement to real property, and as such R.C. 2305.131 applies.

**{¶35}** The trial court found R.C. 2305.131 did not apply to Appellants based on the maxim *nullum tempus occurrit regi* (time does not run against the king). Based on the doctrine of *nullum tempus,* the state of Ohio is not subject to general requirements of statutes of limitations unless the statute in question has specifically included the government. *State, Dept. of Transp. v. Sullivan*, 38 Ohio St.3d 137, 139, 527 N.E.2d 798, 799 (1988). We reiterate the present version is not a statute of limitations but rather a declaration of when a cause of action no longer exists. One reason for the vitality of the doctrine in a time when royal privilege no longer exists is found in the public policy of preserving the public rights, revenues, and property from injury and loss from the negligence of public officials in failing to bring suit in a timely fashion. *Id.* The rule is justified on the basis the same active vigilance cannot be expected of the State as characterizes a private person in protecting his or her own rights. *Id., citing Heddleston v. Hendricks,* 52 Ohio St. 460, 465, 40 N.E. 408, 409 (1895).

**{¶36}** The trial court relied on *City of Chicago ex rel. Scachitti v. Prudential Securities, Inc.,* 332 Ill. App. 3d 353, 772 N.E.2d 906 (2002). In that case, the Illinois court first undertook an analysis of the application of *nullum tempus* to the statute of limitations, as in Illinois the test for its applicability is whether the right the State seeks to assert is a right belonging to the general public, or whether it belongs only to the government or a small subsection of the public at large. *Id.* at 361. After determining the right was one belonging to the general public and the statute of limitations did not apply based on the doctrine of *nullum tempus,* the court then found the statute of repose also

did not bar the action, citing *People v. Asbestospray Corp.,* 247 Ill. App. 3d 258, 616 N.E.2d 652 (1993).

**{¶37}** In *Asbestospray,* the court concluded despite differences between the two, statutes of repose are essentially time limitations and therefore subject to the doctrine of *nullum tempus*, citing cases from the states of Washington and North Carolina. *Id.* at 262. However, the Illinois statute in question in *Asbestospray* differed from the Ohio statute. Unlike R.C. 2305.131 which prevents the cause of action from accruing, the Illinois statute provides no product liability action based on strict liability "shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale…." *Id.* at 260.

**{¶38}** We find the *City of Chicago* case unpersuasive in the instant appeal. The Illinois statutory language is more similar to a statute of limitations than the language in the Ohio statute. Further, Illinois requires consideration of whether the government is engaged in a public function prior to applying the doctrine of *nullum tempus.* Ohio has no such requirement, and thus application of the doctrine to the statute of repose would provide a sweeping application to all actions brought by the State. Unlike *City of Chicago* where the right asserted belonged to the general public, we find the right asserted here belongs to the government.[2] In addition, we note a split of authority among states as to the applicability of the doctrine to statutes of repose. *See, e.g, Com. v. Owens-Corning Fiberglass Corp.,* 238 Va. 595, 385 S.E.2d 865 (1989); *Altoona Area School Dist. v.*

---

[2] In *City of Chicago,* the action was brought to recover overcharges incurred by yield burning on the part of the defendants in advanced-refunding of city bonds. The court held the recovery of $1.4 million in overcharges benefitted the general public. 772 N.E.2d at 918.

*Campbell,* 152 Pa. Cmwlth. 131, 618 A.2d 1129 (1992); *Shasta View Irrigation Dist. v. Amoco Chemicals Corp.* 329 Or. 151, 986 P.2d 536 (1999).

**{¶39}** We find the trial court erred in finding the doctrine of *nullum tempus* barred application of the statute of repose against the State. The doctrine *nullum tempus occurrit regi* translates "time does not run against the king." Because the statute of repose prevents a cause of action from accruing, application of the doctrine to the statute of repose would not stop time from running against the king, but rather would give the king a cause of action where otherwise one would not exist. The Supreme Court of Oregon held in *Shasta View, supra,* at 164:

ORS 30.905(1), by contrast, reflects a legislative judgment that an injury occurring eight years after a defective product first enters the stream of commerce is not legally cognizable because, after that time, all claims are extinguished. *Sealey*, 309 Or. at 392, 788 P.2d 435. Unlike a statute of limitations, the eight-year ultimate repose period prescribed by that statute begins to run on the date on which a product first is purchased for use or consumption, not on the date on which a purchaser knows or should have known of an injury caused by the product. The eight-year statute of ultimate repose runs whether or not a public official or any other plaintiff fails to assert a claim in a timely manner. The public policy for exempting governments from statutes of limitations therefore does not apply to statutes of ultimate repose. That is so, because the expiration of ultimate repose

periods extinguishes all claims irrespective of whether the injured plaintiff was negligent in failing to assert claims in a timely manner.

**{¶40}** As in Oregon, the policy underlying the continued application of *nullum tempus* in Ohio is premised on protecting the public interest from the negligence of public officials who fail to bring a claim in a timely fashion. *Sullivan, supra.* Such underpinning does not apply to R.C. 2305.131, which extinguishes all claims ten years after completion of the project irrespective of whether the plaintiff has filed a complaint in a timely manner.

**{¶41}** Further, the language of the statute specifically states it applies notwithstanding common law to the contrary:

> (F) This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after the effective date of this section, in which this section is relevant, regardless of when the cause of action accrued and *notwithstanding any* other section of the Revised Code or *prior rule of law of this state*, but shall not be construed to apply to any civil action pending prior to the effective date of this section. R.C. 2305.131(F) (emphasis added).

**{¶42}** The language of the statute itself suggests the doctrine of *nullum tempus*, a "prior rule of law of this state," shall not prevent application of the statute.

**{¶43}** For the foregoing reasons, we find the instant action, filed more than ten years after substantial completion of the project, is barred by R.C. 2305.131.  The assignment of error is sustained.

**{¶44}** The assignment of error on direct appeal and the remaining cross-assignments of error are rendered moot by our disposition of the first cross-assignment of error.

**{¶45}** The judgment of the Tuscarawas County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Wise, Earle, J. concur