[Cite as *Tuslaw Local School Dist. Bd. of Edn. v. CT Taylor Co., Inc.*, 2019-Ohio-1731.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| BOARD OF EDUCATION OF | : | Hon. W. Scott Gwin, P.J. |
| TUSLAW LOCAL SCHOOL | : | Hon. John W. Wise, J. |
| DISTRICT | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| Plaintiff-Appellant | : |  |
|  | : | Case No. 2018CA00099 |
| -vs- | : |  |
|  | : |  |
| CT TAYLOR COMPANY, INC, ET AL | : | OPINION |
|  |  |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:          Civil appeal from the Stark County Court of
                                                         Common Pleas, Case No. 2018CV00086

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:          May 6, 2019

APPEARANCES:

For Plaintiff-Appellant
CHRISTOPHER MCCLOSKEY
100 South Third Street
Columbus, OH 43215-4291

For Defendant-Appellee – CT Taylor
PATRICIA TROMBETTA
312 Walnut Street, Suite 2530
Cincinnati, OH 45202

For Defendant-Appellee
Hartford Insurance
ROYCE REMINGTON
200 Public Square, Suite 2800
Cleveland, OH 44114

For Defendant-Appellee
MKC Architects
THOMAS ROSENBERG
41 South High Street
Huntington Center, 21st Floor
Columbus, OH 43215

*Gwin, P.J.*

{¶1}   Appellant appeals the June 26, 2018 judgment entry of the Stark County Court of Common Pleas granting appellees' motions to dismiss.

*Facts & Procedural History*

{¶2}   On January 16, 2018, appellant the Board of Education of the Tuslaw Local School District ("Board") filed a complaint against appellees CT Taylor Company, Inc. ("CT Taylor"), Hartford Casualty Insurance Company ("Hartford"), and MKC Architects, Inc. ("MKC"). The Board alleges in its complaint that, as part of Ohio's Expedited Local Partnership Program, the Tuslaw New High School ("the Project") was constructed. The Board avers all construction and design of the Project was required to conform to the standards set forth in the Ohio School Design Manual ("OSDM") published by the Ohio Facilities Construction Commission. The Board alleges the OSDM provides, "school building structures and exterior enclosures shall be designed and constructed of materials which will perform satisfactorily for 40 years with only minor maintenance and repairs, and for 100 years before major repairs or replacement of primary structural or exterior enclosure elements is required."

{¶3}   The Board alleges it entered into a written agreement, identified as the "Design Contract," with MKC to serve as the design professional for the Project and entered into a written agreement, identified as the "General Trades Contract," with CT Taylor to serve as the general contractor for the Project. Further, the Board avers that Hartford is the surety for CT Taylor on the Project and issued a bid guarantee and a contract bond, identified as the "General Trades Bond." The Board claims that various alleged deficiency issues such as condensation, moisture intrusion, heat loss, excess

humidity, premature deterioration, in areas of the roof and building envelope "of the Project exist, which on information and belief, arise from deficiencies with the design, construction, installation, and materials of the roof and building envelope" and will require major repairs, including removal and replacement of the existing roof.

{¶4} Based upon the alleged deficiencies in the design and construction of the roof and building envelope, the Board asserts three causes of action in its complaint. The first cause of action (Count One) is a breach of contract claim against MKC. The Board alleges MKC had a duty to comply with the express written terms of the Design Contract, including the requirements of the ODSM and a duty to provide design professional services for the Project conforming to the standard of care set forth in the Design Contract. The Board avers MKC has failed to perform its obligations under the terms of the Design Contract and such failure is a material breach of the Design Contract.

{¶5} The second count of action (Count Two) is a breach of contract claim against CT Taylor. The Board alleges CT Taylor breached the General Trades Contract by failing to properly install the roof system and building envelope in accordance with the General Trades Contract and that CT Taylor's work does not meet the requirements of the OSDM. The Board avers the failure of CT Taylor to perform its work pursuant to the terms of the General Trades Contract is a material breach. The third count of action (Count Three) is a claim against the General Trades Surety Bond – Hartford. The Board alleges CT Taylor is in material breach and default of its obligations under the General Trades Contract and Hartford is liable to the Board to the same extent as CT Taylor.

{¶6} Attached to the complaint is a copy of one page of the ODSM; a copy of the Design Contract dated July 15, 2002; five pages of the General Trades Contract dated

September 5, 2003; a copy of the Consent of Surety to Final Payment issued on November 4, 2005; a copy of the Contractor's Payment of Debts and Claims dated December 5, 2005 stating all payments had been made on the project, all obligations had been satisfied, and all work, labor, and services had been performed on the project; and a copy of the Contractor's Affidavit of Release of Liens dated December 5, 2005.

{¶7} On February 20, 2018, MKC filed a motion to dismiss the complaint. The Board filed its memorandum contra on March 2, 2018. On March 22, 2018, CT Taylor and Hartford filed motions to dismiss the complaint. The Board filed memoranda in opposition on April 9, 2018. The parties filed replies and sur-replies to the motions to dismiss.

{¶8} The trial court issued a judgment entry on June 26, 2018 granting the motions to dismiss. The trial court cited this Court's case of *State by and through Wray v. Karl R. Rohrer Associates, Inc.*, 5th Dist. Tuscarawas No. 2017AP030008, 2018-Ohio-65 and our holding that Ohio's construction statute of repose bars the Board's breach of contract claims. The trial court found the Project in this case was completed no later than 2005, but the complaint was filed in January of 2018, more than ten years later. The trial court further found the statute of repose allows bringing an action against those involved in the construction industry to be extended by two years should issues be discovered within the last two years of the statute of repose, but noted the complaint in this case does not state a date of discovery. The trial court stated even if the two-year extension applies, the Board's claims expired in 2017 under the statute of repose.

{¶9} Appellant appeals the June 26, 2018 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS OF MKC ARCHITECTS, INC.; CT TAYLOR, INC.; AND HARTFORD CASUALTY INSURANCE COMPANY BECAUSE IT ERRONEOUSLY HELD THAT R.C. 2305.131(A) APPLIES TO TORT AND BREACH-OF-CONTRACT CLAIMS.

{¶11} "II. THE TRIAL COURT ERRED IN GRANTING THE MOTIONS TO DISMISS OF MKC ARCHITECTS, INC; CT TAYLOR, INC; AND HARTFORD CASUALTY INSURANCE COMPANY BECAUSE IT ERRONEOUSLY HELD THAT THE BOARD'S BREACH-OF-CONTRACT CLAIMS DID NOT ACCRUE WITHIN THE 10-YEAR STATUTE OF REPOSE PROVIDED BY R.C. 2305.131.

{¶12} "III. THE TRIAL COURT ERRED IN GRANTING THE MOTIONS TO DISMISS OF MKC ARCHITECTS, INC.; CT TAYLOR, INC.; AND HARTFORD CASUALTY INSURANCE COMPANY BECAUSE IT ERRONEOUSLY HELD THAT THE BOARD'S BREACH-OF-CONTRACT CLAIMS DO NOT FALL WITHIN THE EXPRESS-WARRANTY EXCEPTION FOUND IN R.C. 2305.131(D).

{¶13} "IV. THE TRIAL COURT ERRED IN GRANTING HARTFORD CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS BECAUSE IT ERRONEOUSLY HELD THAT THE BOARD DID NOT HAVE AN INDEPENDENT RATHER THAN SOLELY DERIVATIVE CLAIM AGAINST THE CONTRACTOR'S SURETY."

*Standard of Review*

{¶14} We review a trial court order granting a motion to dismiss pursuant to Civil Rule 12(B)(6) de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *State ex rel. Hanson v.*

*Guernsey County Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1989). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

### I. & II.

{¶15} In its first and second assignments of error, the Board argues the trial court erred in granting appellees' motions to dismiss based upon this Court's prior decision in *State by and through Wray v. Karl R. Rohrer Associates, Inc.*, 5th Dist. Tuscarawas No. 2017AP030008, 2018-Ohio-65. The Board contends *Rohrer* should be overruled as wrongly decided and this Court should hold that only tort claims are subject to R.C. 2305.131 statute of repose provisions.

{¶16} R.C. 2305.131(A)(1) provides,

Notwithstanding an otherwise applicable period of limitations specified in this chapter or in Section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that

arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

{¶17} In *Rohrer*, the appellee signed an agreement with the Ohio Department of Administrative Services to provide design services related to structural engineering and related supervision for the construction of an Ohio Department of Transportation garage. *Id.* The appellants filed a complaint for negligence and breach of contract when there were issues with the brick and windows in the building. *Id.* The appellee argued the complaint was barred by Ohio's statute of repose, R.C. 2305.131. *Id.* We held that R.C. 2305.131 applies to breach of contract claims. *Id.*

{¶18} We find the facts in this case analogous to the facts in *Rohrer*. The instant action is an action for damages to property caused by allegedly defective design and/or construction of an improvement to real property. Pursuant to the complaint, the Project in this case was completed no later than December 5, 2005. However, the instant action was filed in January of 2018, more than ten years after substantial completion of the project. Thus, R.C. 2305.131(A)(1) applies to bar the Board's complaint. We decline to overrule or re-visit our decision in *Rohrer*.

{¶19} We again emphasize that the rationale for our decision in this case and in *Rohrer* is based upon the plain language of R.C. 2305.131 and the uncodified law demonstrating the General Assembly's intent in reenacting R.C. 2305.131. In R.C.

2305.131(F), the statute itself sets forth the legislature's intention that it apply to any civil action in which it is relevant, regardless of any prior rule of law. Further, the legislature clearly set forth its purposes for reenactment of the statute of repose following the Ohio Supreme Court's declaration that the prior version was unconstitutional. In Section 3 of 2004 Am. Sub. S.B. No. 80, the General Assembly specifically states as follows:

(B) In enacting section 2305.131 of the Revised Code in this act, it is the intent of the General Assembly to do all of the following:

(1) To declare that the ten-year statute of repose prescribed by section 2305.131 of the Revised Code, as enacted by this act, is a specific provision intended to promote a greater interest than the interest underlying the general four-year statute of limitations prescribed by section 2305.09 of the Revised Code, the general two-year statute of limitations prescribed by section 2305.10 of the Revised Code, and other general statutes of limitation prescribed by the Revised Code;

(2) To recognize that, subsequent to the completion of the construction of an improvement to real property, all of the following generally apply to the persons who provided services for the improvement or who furnished the design, planning, supervision of construction, or construction of the improvement:

(a) They lack control over the improvement, the ability to make determinations with respect to the improvement, and the opportunity or responsibility to maintain or undertake the maintenance of the improvement.

(b) They lack control over other forces, uses, and intervening causes that may cause stress, strain, or wear and tear to the improvement.

(c) They have no right or opportunity to be made aware of, to evaluate the effect of, or to take action to overcome the effect of the forces, uses, and intervening causes * * *

(3) To recognize that, more than ten years after the completion of the construction of an improvement to real property, the availability of relevant evidence pertaining to the improvement and the availability of witnesses knowledgeable with respect to the improvement is problematic;

(4) To recognize that maintaining records and other documentation pertaining to services provided for an improvement to real property or the design, planning, supervision of construction, or construction of an improvement to real property for a reasonable period of time is appropriate and to recognize that, because the useful life of an improvement to real property may be substantially longer than ten years after the completion of the construction of the improvement, it is an unacceptable burden to require the maintenance of those types of records and other documentation for a period in excess of ten years after that completion;

(5) To declare that section 2305.131 of the Revised Code, as enacted by this act, strikes a rational balance between the rights of prospective claimants and the rights of design professionals, construction contractors, and construction subcontractors and to declare that the ten-year statute of repose prescribed in that section is a rational period of

repose intended to preclude the pitfalls of stale litigation but not to affect civil actions against those in actual control and possession of an improvement to real property at the time that a defective and unsafe condition of that improvement causes an injury to real or personal property, bodily injury, or wrongful death.

{¶20} As we noted in *Rohrer*, concerns underlying the reenactment of the statute such as lack of control of the improvement, intervening causes, availability of evidence, and availability of witnesses, apply to an action whether the action sounds in tort or contract. 5th Dist. Tuscarawas No. 2017AP030008, 2018-Ohio-65.

{¶21} The Board further argues stare decisis requires this Court to follow the *Kocisko v. Charles Shutrump & Sons Co.*, 21 Ohio St.3d 98, 488 N.E.2d 171 (1986) case issued by the Ohio Supreme Court. In *Kocisko*, the Supreme Court held that a prior version of R.C. 2305.131 applies only to actions which sounded in tort. However, as we stated in *Rohrer*, "the current statute is clearly not a statute of limitations as the *Kocisko* court characterized the prior version of R.C. 2305.131. Rather than limiting the time in which the action may be brought, the current statute prevents the cause of action from accruing after ten years has passed * * * we find *Kocisko* is not binding authority on this Court for interpreting the current version of the statute." 5th Dist. Tuscarawas No. 2017AP030008, 2018-Ohio-65. Accordingly, following our rationale in *Rohrer*, we find we are not bound by the *Kocisko* case.

{¶22} Also in its second assignment of error, the Board contends *Rohrer* fails to accord the word "accrues" its proper meaning. Specifically, that R.C. 2305.131 only requires a claim to "accrue" within ten years of substantial completion and a claim is still

subject to the breach of contract fifteen (15) year statute of limitations as to when the action must be commenced after it accrues and the Board had fifteen years from the substantial completion date of December 5, 2005 to bring its claims. In this argument, the Board alleges R.C. 2305.131 is not a true statute of repose, in that while it bars a cause of action from accruing more than ten years after substantial completion, it does not bar a plaintiff from commencing a claim more than ten years after substantial completion.

**{¶23}** However, in *Rohrer*, this Court did address the "accrual" language contained in R.C. 2305.131 and found that R.C. 2305.131 is not a statute of limitations, but is a true statute of repose that is a declaration of when a cause of action no longer exists. *Id.* We stated, "R.C. 2305.131 prevents the cause of action from accruing" and "extinguishes all claims ten years after completion of the project, irrespective of whether the plaintiff has filed a complaint in a timely manner." *Id.*

**{¶24}** Additionally, we find the Board's interpretation contradicts the plain language of R.C. 2305.131(A)(2). R.C. 2305.131(A)(2) states as follows:

Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code, a claimant who discovers a defective and unsafe condition of an improvement to real property during the ten-year period specified in division (A)(1) of this section but less than two years prior to the expiration of that period may commence a civil action to recover damages as described in that division within two years from the date of the discovery of that defective and unsafe condition.

**{¶25}** Thus, the statute allows the time for bringing an action against those involved in the construction industry to be extended by two years should issues be discovered within the last two years of the statute of repose. R.C. 2305.131(A)(2) would be unnecessary if the statute were to be applied as the Board suggests, as (A)(2) would have no effect on any claimant because once a claimant's cause of action accrued, the statute of repose would no longer apply and the statute of limitations would apply. We must assume that the legislature does not use words unnecessarily, especially not entire statutory provisions, and avoid construing a statute in a manner that would render some portion of the provision "meaningless or inoperative." *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, citing *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 116 N.E. 516 (1917).

**{¶26}** Based on the foregoing, we find R.C. 2305.131(A)(1) applies to bar the Board's complaint. The Board's first and second assignments of error are overruled.

III.

**{¶27}** In its third assignment of error, the Board argues the trial court erred in granting the motions to dismiss because it erroneously held the Board's breach of contract claims do not fall within the express warranty exception. The Board contends that even if R.C. 2305.131 is applicable to breach of contract claims, MKC and CT Taylor breached an express warranty to the Board, allowing the Board to bring its claims within the length of the warranty pursuant to R.C. 2305.131(D). The Board alleges the ODSM creates a forty (40) year warranty that has not yet expired and it is thus permitted to bring claims within that forty year period.

**{¶28}** R.C. 2305.131(D) provides:

Division (A)(1) of this section does not prohibit the commencement of a civil action for damages against a person who has expressly warranted or guaranteed an improvement to real property for a period longer than the period described in division (A)(1) of this section and whose warranty or guarantee has not expired as of the time of the alleged bodily injury, injury to real or personal property, or wrongful death in accordance with the terms of that warranty or guarantee.

{¶29} Upon review of the complaint, we find the Board did not allege breach of warranty claims against appellees. In its complaint, the Board alleges three causes of action: breach of contract against MKC, breach of contract against CT Taylor, and a claim against the surety bond issued by Hartford. In each count, the Board alleges MKC and/or CT Taylor had a duty to comply with their respective contracts and the failure to perform under the contracts constitutes a material breach. The Board did not include breach of express warranty claims or allege that (1) a warranty existed; (2) the product failed to perform as warranted; (3) plaintiff provided the defendant with reasonable notice of the defect; and (4) plaintiff suffered injury as a result of the defect. See *Hubbard v. AASE Sales, LLC*, 5th Dist. Delaware No. 17CAE070051, 2018-Ohio-2363.

{¶30} Additionally, we find that the Board did not make the warranty argument as to CT Taylor or Hartford before the trial court, as the Board's memoranda in opposition to CT Taylor and Hartford's motions to dismiss did not contain an argument that its claims against CT Taylor and Hartford were breach of express warranty claims that were allowed to be brought for forty years pursuant to R.C. 2305.131(D). Because the Board did not present this argument to the trial court, it has waived this argument for purposes of appeal

as to CT Taylor and Hartford. *Large v. Lilley*, 5th Dist. Delaware No. 17 CAE 06 0043, 2018-Ohio-1017; *Huntsman v. State*, 5th Dist. Stark No. 2016CA00205, 2017-Ohio-2622.

**{¶31}** Accordingly, the Board's third assignment of error is overruled.

IV.

**{¶32}** In its fourth assignment of error, the Board contends the trial court erred in granting Hartford's motion to dismiss. The Board argues Hartford is liable on the bond irrespective of whether its principle has a legal defense to the claim and the bond is an independent obligation owed to the Board. We disagree.

**{¶33}** In general, a surety's liability "is dependent upon, and can be no greater than, that of the principal." *State v. Herbert*, 49 Ohio St.2d 88, 358 N.E.2d 88 (1976). In this respect, it has been held that "a surety can assert the defenses of its principal," and thus whatever "amounts to a good defense to the original liability of the principal, is a good defense for the sureties when sued upon the collateral undertaking." *Holben v. Interstate Freight Sys.*, 31 Ohio St.3d 152, 509 N.E.2d 938 (1987). The surety's liability is derived from that of the principal and the surety may plead defenses available to the principal. *Cain v. Panitch*, 10th Dist. Franklin No. 16AP-758, 2018-Ohio-1595. In this case, Hartford is entitled to assert, on its own behalf, any non-personal defense available to its principal, CT Taylor. The complaint alleges, "CT Taylor is in material breach and default of its obligations under the General Trades Contract and Hartford is liable to the Board to the same extent as CT Taylor." Thus, since the Board's claim against CT Taylor is barred by the statute of repose, the claim against Hartford must also fail. *Id.* The Board's fourth assignment of error is overruled.

**{¶34}** Based on the foregoing, the Board's assignments of error are overruled.

{¶35}  The June 26, 2018 judgment entry of the Stark County Court of Common Pleas granting appellees' motions to dismiss is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur