OAKTREE CONDOMINIUM ASSOCIATION, INC., APPELLANT, *v*. HALLMARK

BUILDING COMPANY ET AL., APPELLEES.

[Cite as *Oaktree Condominium Assn., Inc. v. Hallmark Bldg. Co.*,

139 Ohio St.3d 264, 2014-Ohio-1937.]

*Statutes of repose—R.C. 2305.131—Retroactive application to accrued cause of*
*action unconstitutional—Article II, Section 28—Statute of limitations*
*applied.*

(No. 2012-1722—Submitted October 9, 2013—Decided May 14, 2014.)

APPEAL from the Court of Appeals for Lake County,

No. 2012-L-011, 2012-Ohio-3891.

_____

SYLLABUS OF THE COURT

A cause of action that has accrued but on which no suit has been filed by the
effective date of a statute of repose, such as R.C. 2305.131, is governed by
the relevant statute of limitations for the time of filing that particular type
of cause of action.

_____

**O'NEILL, J.**

{¶ 1} In this case, we are asked to decide if application of R.C.
2305.131, Ohio's construction statute of repose, is constitutional. Thirteen years
after construction was completed, the Oaktree Condominium Association
("Oaktree") discovered that there was a defect in the construction of the
foundation of their condominiums. At the time of discovery of the defect, in
2003, there was no real-property-construction statute of repose in effect.
However, by the time Oaktree filed an action against the builder of the
condominiums in 2007, the General Assembly had enacted a ten-year statute of

repose. As a result, the trial court and court of appeals ruled that Oaktree's claims were time-barred. Consistent with our holdings in products-liability cases and medical-malpractice cases, we hold that R.C. 2305.131 is unconstitutional as applied to Oaktree. Because of the constitutional prohibition on passage of retroactive laws, Oaktree must be afforded a reasonable time in which to file its accrued action. We conclude that reasonableness is governed by the relevant statute of limitations, which in this case is four years from accrual of the cause of action. R.C. 2305.09. The complaint in this matter was filed within four years of its accrual and was therefore timely under R.C. 2305.09(D). Accordingly, we reverse the judgment of the court of appeals and reinstate the jury verdict in favor of Oaktree.

**Facts and Procedural History**

{¶ 2} Oaktree is the owners' association for a seven-unit condominium development in Willoughby, Ohio. Hallmark Building Company built the condominiums and created the association. Construction was completed in 1990. In the fall of 2003, one of the residents noticed a crack in the wall of his garage that was a common wall with the neighboring unit. Following investigation by structural engineers, it was learned that the footers for the foundations of the condominiums had not been placed below the frost plane.

{¶ 3} In Ohio, local building codes require foundation footers to be placed at a minimum depth to ensure that they are below the frost plane. This is because soil above the frost plane freezes and expands. Consequently footers above the frost plane will move with the expansion and contraction of the soil. Motion in the footers causes motion in the foundation, which can result in cracks and structural damage to the building. If footers are placed below the frost plane, this problem is avoided because the footers are in stable soil without movement. The building code in effect in Willoughby at the time of construction of the condominiums required footers to be placed at least 36 inches deep, and the

building plans that were submitted for the condominiums stated that the footers were going to be placed at a depth of 42 inches.

{¶ 4} On October 31, 2003, Oaktree was put on notice of this defect and was advised by a structural engineer that testing should be performed on the other units. Testing revealed that none of the footers for the buildings had been placed beneath the frost plane.

{¶ 5} On December 16, 2005, Oaktree filed a complaint against Hallmark for unworkmanlike construction and to recover the cost of repairing the defect. This suit was voluntarily dismissed and refiled on August 30, 2007. Hallmark filed a motion for summary judgment, asserting that it was not liable to Oaktree and that the suit was barred because it was filed outside of the ten-year real-property-construction statute of repose. R.C. 2305.131. The trial court denied the motion. Following a jury trial, Oaktree was awarded $210,000 in damages.

{¶ 6} On appeal, the Eleventh District reversed. 11th Dist. Lake No. 2009-L-112, 2010-Ohio-6437. The Eleventh District remanded the matter to the trial court to determine the constitutionality of R.C. 2305.131 as applied to Oaktree. *Id.* at ¶ 52. On remand, the trial court upheld the constitutionality of the statute both facially and as applied and held that Oaktree's claims were time-barred under R.C. 2305.131. This time, the Eleventh District affirmed the trial court's judgment. The court of appeals reasoned that although the statute of repose was not in effect at the time that Oaktree's action against Hallmark accrued, the owners were nonetheless time-barred because Oaktree had failed to file its action against Hallmark within two years of accrual, which the court defined as a "reasonable time" from October 31, 2003, the date it was placed on notice of the injury. *Id.* at ¶ 65.

**Analysis**

{¶ 7} R.C. 2305.131 provides:

(A) * * * [E]xcept as otherwise provided * * *, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

* * *

(F) This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after the effective date of this section, in which this section is relevant, regardless of when the cause of action accrued and notwithstanding any other section of the Revised Code or prior rule of law of this state, but shall not be construed to apply to any civil action pending prior to the effective date of this section.

{¶ 8} By its plain language, the real-property-construction statute of repose, which became effective on April 7, 2005, applies to civil actions commenced after the effective date of the statute regardless of when the cause of action accrued. In this case, Oaktree learned of the defect in its property on October 31, 2003, and commenced this action on August 30, 2007.

{¶ 9} Article II, Section 28 of the Ohio Constitution provides, "The General Assembly shall have no power to pass retroactive laws * * *."

4

{¶ 10} Pursuant to Article II, Section 28 of the Ohio Constitution, this court has already determined that plaintiffs have a substantive right to bring their accrued actions and that the constitutional prohibition on retroactive laws prevents the Ohio General Assembly from unreasonably taking that right away by outlawing their claims. *Gregory v. Flowers,* 32 Ohio St.2d 48, 54, 290 N.E.2d 181 (1972), paragraph three of the syllabus. Consequently, our first task is to determine when this action accrued.

{¶ 11} When considering when a cause of action accrues in construction cases, we have used the delayed-damages rule. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 433 N.E.2d 147 (1982). The delayed-damages rule considers when all elements of a cause of action have come into existence. *Id.* at 379. "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶ 12} Oaktree's board was informed of the construction problems on October 31, 2003; thus, its cause of action against Hallmark Building Company accrued on that date. Because its cause of action accrued and vested before the April 7, 2005 effective date of R.C. 2305.131, the retroactive application of the statute of repose would take away Oaktree's substantive right and conflict with Article II, Section 28 of the Ohio Constitution. Therefore, R.C. 2305.131 is unconstitutional as applied to Oaktree. The question then becomes whether Oaktree filed its action within a reasonable time of its accrual.

{¶ 13} We see no reason to look further than the enactments of the General Assembly to find a measure of reasonableness. The Ohio General Assembly has enacted statutes of limitations that already define a reasonable period in which to file a complaint after a cause of action accrues. Indeed, when asked to determine reasonableness in medical-malpractice and products-liability

cases in which the statute of repose was not effective on the date the cause of action accrued, this court looked to the relevant statute of limitations in each case. *Groch v. Gen. Motors Corp.,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377; *Adams v. Sherk,* 4 Ohio St.3d 37, 446 N.E.2d 165 (1983).

{¶ 14} *Groch* and *Sherk* provide an analytical blueprint for how this case should be decided. These cases are similar in that the claims accrued when there was no statute of repose in effect but the actions were filed after the statutes of repose became effective. In *Groch*, the plaintiffs' products-liability claims accrued on March 3, 2005. The new products-liability statute of repose (R.C. 2305.10) became effective on April 7, 2005, and thus the plaintiffs had only 34 days to file a lawsuit before the statute became effective and purported to forever bar their claims. As it turned out, the plaintiffs filed their claims over one year after they became vested. This court determined that the prohibition against retroactive laws under Article II, Section 28 of the Ohio Constitution prevented the products-liability statute of repose from applying to the specific facts of the case and required that the plaintiffs be provided with a reasonable time to bring their case. *Groch* at ¶ 193. The court decided that a reasonable time to bring a products-liability case was two years. There was no coincidence or arbitrariness to two years as a measure of reasonableness. Two years was the time limit in the new products-liability statute of limitations. R.C. 2305.10(A).

{¶ 15} In *Sherk,* 4 Ohio St.3d 37, 446 N.E.2d 165, a metal object in the plaintiff's abdomen following surgery in 1967 was not discovered until 1980. Under the foreign-object discovery rule, the statute of limitations is tolled until the patient discovers, or should have discovered, the negligent act. *Melnyk v. Cleveland Clinic,* 32 Ohio St.2d 198, 290 N.E.2d 916 (1972). Thus, the plaintiff's claim did not accrue until 1980. Former R.C. 2305.11(B), the relevant statute of repose, effective on July 28, 1975, barred claims from being brought more than four years from the date of malpractice. As in *Groch,* this court determined that

the prohibition against retroactive laws under Article II, Section 28 of the Ohio Constitution prevented the medical-malpractice statute of repose from applying to the case and required that the plaintiff be provided with a reasonable time to bring his case. The court determined that one year after the discovery of the malpractice was reasonable. Again, as in *Groch,* there was no guesswork on the part of the court in its determination that one year was the measure of reasonableness. Former R.C. 2305.11(A), the medical-malpractice statute of limitations, required claims to be brought within one year after their accrual.

{¶ 16} We have stated that " '[t]ort actions for injury or damage to real property are subject to the four-year statute of limitations set forth in R.C. 2305.09(D).' " *Sexton v. Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, 883 N.E.2d 1013, ¶ 19, quoting *Harris v. Liston*, 86 Ohio St.3d 203, 714 N.E.2d 377 (1999), paragraph one of the syllabus.

{¶ 17} Here, Oaktree was subjected to an arbitrary interpretation that took away its access to the courts and right to be compensated for its loss. On October 31, 2003, when Oaktree's claim accrued, there was no statute of repose in effect. The placement of the footers in the foundations of the condominiums was defective from the beginning, but the defect was incapable of being seen until it caused damage above ground level 13 years later. The constitutional prohibition on retroactive laws prevents the Ohio General Assembly from unreasonably outlawing Oaktree's accrued claims. *Flowers,* 32 Ohio St.2d at 54, 290 N.E.2d 181. And just as it does today, the statute of limitations applicable to real-property-construction cases in effect on October 31, 2003, called for a four-year limitation of accrued actions. R.C. 2305.09. Thus, under R.C. 2305.09, Oaktree had four years to commence suit, which it did on December 16, 2005. Oaktree's voluntary dismissal under Civ.R. 41(A)(1) and refiling on August 30, 2007, did not affect its timeliness, since the four-year statute of limitations did not run until October 31, 2007.

**Conclusion**

{¶ 18} We hold that R.C. 2305.131 is unconstitutional as applied to Oaktree because the retroactive application of R.C. 2305.131 would bar Oaktree's accrued action against the Hallmark Building Company. We hold that a cause of action that has accrued but on which no suit has been filed by the effective date of a statute of repose, such as R.C. 2305.131, is governed by the relevant statute of limitations for the time of filing that particular type of cause of action.

{¶ 19} The judgment of the court of appeals is reversed, and the judgment on the jury verdict in favor of Oaktree is reinstated.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER and LANZINGER, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., dissent.

_____

**KENNEDY, J., dissenting.**

{¶ 20} Respectfully, I dissent. I agree with the majority's conclusion that Oaktree's cause of action accrued and vested prior to the effective date of R.C. 2305.131 and that the retroactive application of the statute of repose therefore violates its substantive right, contravening Article II, Section 28 of the Ohio Constitution. However, I disagree with the creation of a bright-line rule that a general statute of limitations will determine the reasonable time for the filing of an action that accrued prior to the enactment of a statute of repose. Because I believe that the determination of what constitutes a reasonable time in any case is based on the facts of the particular case, I conclude that as a matter of law, that determination rests in the sound discretion of the trial court. Therefore, I would affirm the judgment of the court of appeals on different grounds.

**Precedent Does Not Support Establishment of a Bright-Line Rule**

{¶ 21} The majority asserts that "*Groch* and *Sherk* provide an analytical blueprint for how this case should be decided." Majority opinion, ¶ 14, citing

8

*Groch v. Gen. Motors Corp.,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, and *Adams v. Sherk,* 4 Ohio St.3d 37, 446 N.E.2d 165 (1983). While the majority correctly cites the holdings in *Groch* and *Sherk,* it incorrectly advances those holdings as this court's pronouncement of a policy to use a general statute of limitations to determine the reasonable time in which to file an action that accrued prior to the enactment of a statute of repose.

{¶ 22} *Groch* concerned the constitutionality of the products-liability statute of repose, R.C. 2305.10(C). Douglas Groch was injured by a trim press 34 days prior to the effective date of R.C. 2305.10(C) and former R.C. 2305.10(F). *Groch,* ¶ 190. This court rejected the respondents' position that the 34 days provided by R.C. 2305.10(C) was a reasonable period of time for Groch to file his action.

{¶ 23} In determining what was a reasonable period of time, Justice O'Connor, writing for the majority, looked to the specific language of the statute of repose:

> R.C. 2305.10(C)(4) provides a two-year limitations period for commencing a suit for injuries occurring before the expiration of the ten-year repose period of R.C. 2305.10(C)(1), "but less than two years prior to the expiration of that period." * * *
>
> Similarly, R.C. 2305.10(C)(5) provides that "[i]f a cause of action relative to a product liability claim accrues during the ten-year period described in division (C)(1) of this section and the claimant cannot commence an action during that period due to a disability described in section 2305.16 of the Revised Code [i.e., minority or unsound mind], an action based on the product liability claim may be commenced within two years after the disability is removed."

Both R.C. 2305.10(C)(4) and (C)(5) recognize that once a products-liability cause of action accrues, a plaintiff should have no less than two years in which to commence a suit. This recognition is consistent with R.C. 2305.10(A), the general products-liability statute of limitations, which states that, subject to certain exceptions (including those in R.C. 2305.10(C)), such a claim "shall be brought within two years after the cause of action accrues."

*Id.* at ¶ 193-195. The court concluded, "When we look to [R.C. 2305.10(C)(4) and (C)(5)], we determine that a reasonable time to commence a suit in this situation should have been two years from the date of the injury." *Id.* at ¶ 198.

{¶ 24} Therefore, the *Groch* court's conclusion was based upon the products-liability statute of repose, not the products-liability statute of limitations. The majority, however, cherry-picks the statute-of-limitations discussion from *Groch,* while turning a blind eye to the true basis for the holding—the two-year time frame in the statute of repose. Accordingly, for the majority to state that G*roch* is an "analytical blueprint" is disingenuous to the analysis and holding of *Groch.*

{¶ 25} Moreover, the majority's reliance upon *Adams v. Sherk,* 4 Ohio St.3d 37, 446 N.E.2d 165, accords that decision more weight in deciding the current issue than is appropriate upon review. The *Sherk* court did hold that the plaintiff "must be afforded a reasonable time in which to bring her claim, *i.e.,* one year after the discovery of the malpractice." *Id.* at 40. But the determination that one year constituted a reasonable time was based upon this court's holding in *Melnyk v. Cleveland Clinic,* 32 Ohio St.2d 198, 290 N.E.2d 916 (1972), that when foreign objects are negligently left inside a patient's body after surgery, the one-year statute of limitations is tolled until the patient discovers, or by the exercise of

reasonable diligence should have discovered, the negligent act. *Melnyk*, however, did not involve the enactment of a statute of repose. Accordingly, like *Groch, Sherk* fails to support the majority's conclusion that the relevant statute of limitations should control what constitutes a reasonable time.

### A Bright-Line Rule Defies R.C. 2305.131(A)(2)

{¶ 26} The majority's determination that there is "no reason to look further than the enactments of the General Assembly to find a measure of reasonableness," majority opinion, ¶ 13, is confusing in light of the fact that the majority fails to give any consideration to the General Assembly's enactment of R.C. 2305.131(A)(2). Similar to the products-liability statute of repose, R.C. 2305.131(A)(2) provides for an extension of the ten-year period established in R.C. 2305.131(A)(1). Specifically, a claimant may commence a civil action to recover damages within two years from the date of the discovery of that defective and unsafe condition if the cause of action accrues less than two years prior to the expiration of the ten-year period. R.C. 2305.131(A)(2). Accordingly, for litigants affected by R.C. 2305.131(A)(2), the General Assembly has expressed the intent that two, not four, years is a reasonable time to pursue a vested right. The majority ignores this enactment by the General Assembly and allows Oaktree, whose claim is significantly more stale, double the amount of time to pursue its claim that those litigants subject to R.C. 2305.131(A)(2) have.

### Legislative Intent of R.C. 2305.131

{¶ 27} Finally, the majority fails to give any consideration to the General Assembly's specifically stated purpose and intent in enacting R.C. 2305.131. The General Assembly stated that R.C. 2305.131 "is a specific provision intended to promote a greater interest than the interest underlying the general four-year statute of limitations" of R.C. 2305.09. Am.Sub.S.B. No. 80, Section 3(B)(1), 150 Ohio Laws, Part V, 8028. Additionally, the General Assembly recognized that once construction professionals complete a project, they lose control over the project

and no longer have the right to take action with respect to the project. *Id*. at 8029, Section 3(B)(2). Further, the General Assembly was cognizant of the issues involving stale litigation, such as the availability of evidence and witnesses and the burdens associated with the maintenance of records pertaining to construction services. *Id.* at Section 3(B)(3). Accordingly, in enacting R.C. 2305.131, the General Assembly sought to "strike[ ] a rational balance between the rights of prospective claimants and the rights of design professionals, construction contractors, and construction subcontractors." *Id.* at Section 3(B)(5).

{¶ 28} The majority's analysis is devoid of any discussion of the General Assembly's specifically stated purpose and intent. By failing to discuss and harmonize the purpose and intent of R.C. 2305.131 with its holding, the majority is perpetuating the exact concerns that the General Assembly sought to avoid with the enactment of R.C. 2305.131. Therefore, by decreeing that R.C. 2305.09 prescribes a "reasonable time," the majority is advancing its own policy of the statute, which we should not do. "[A] court has nothing to do with the policy or wisdom of a statute. That is the exclusive concern of the legislative branch of the government." *State ex rel. Bishop v. Mt. Orab Village School Dist. Bd. of Edn.*, 139 Ohio St. 427, 438, 40 N.E.2d 913 (1942).

## Conclusion

{¶ 29} In determining "reasonable time," we must balance a party's vested right with the enactment of R.C. 2305.131 and its intent and purpose. Based upon the foregoing, I believe that this would be achieved by concluding that a reasonable time should be determined as a matter of law based on the particular facts of each case.

{¶ 30} In this case, I would conclude that Oaktree did not seek to enforce its vested right within a reasonable time. Oaktree was placed on notice of its claims against Hallmark on October 31, 2003. On April 7, 2005, R.C. 2305.131 took effect. Oaktree filed its first complaint against Hallmark on December 16,

2005. This action was voluntarily dismissed by Oaktree on August 30, 2006. Oaktree refiled the complaint on August 30, 2007, allowing another year to pass before seeking to enforce its vested right. The delay in seeking to enforce its vested right more than two years after the effective date of R.C. 2305.131, almost four years after being placed on notice of its claims, and 17 years after construction was completed was unreasonable. Accordingly, I would affirm the judgment of the court of appeals on other grounds.

O'DONNELL and FRENCH, JJ., concur in the foregoing opinion.

_____

Ott & Associates Co., L.P.A., Steven M. Ott, Amanda L. Aquino, and Nicole D. LeClair, for appellant.

Davis & Young, Patrick F. Roche, and Beverly A. Adams, for appellee Hallmark Building Company.

Bricker & Eckler, L.L.P., Anne Marie Sferra, and Kara Herrnstein, urging affirmance for amicus curiae, Ohio Alliance for Civil Justice.

_____