[Cite as *Union Local School Dist. Bd. of Edn. v. Grae-Con Constr., Inc.*, 2019-Ohio-4877.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

UNION LOCAL SCHOOL DISTRICT,
BOARD OF EDUCATION

Plaintiff-Appellant,

v.

GRAE-CON CONSTRUCTION, INC., et al.

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0043**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 12 CV 337

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gary W. Smith*, Smith Law Firm, 316 South Main Street, P.O. Box 599, Woodsfield, Ohio 43793, for Plaintiff-Appellant and

*Atty. John T. Murphy, Atty. P. Kohl Schneider, Atty. Colleen A. Mountcastle, Atty. Richard Rezie, Gallagher Sharp LLP,* Sixth Floor Bulkley Building, 1501 Euclid Avenue,

Cleveland, Ohio 44115, *Atty. Melvin F. O'Brien, Atty. John R. Seeds,* Dickie, McCamey & Chilcote, P.C., 2001 Main Street, Suite 501, Wheeling, West Virginia 26003; *Atty. Scott J. Davis, Atty. Stephen C. Merriam*, The Law Office of Stephen J. Proe, The Genesis Building, 6000 Lombardo Center, Suite 420, Seven Hills, Ohio 44131; *Atty. David Patterson, Atty. Frederick Bills,* Weston Hurd, LLP, 10 West Broad Street, Suite 2400, Columbus, Ohio 43215 for Defendants-Appellees.

Dated: November 18, 2019

---

**Robb, J.**

{¶1} Plaintiff-Appellant Union Local School District Board of Education appeals the decision of the Belmont County Common Pleas Court granting summary judgment in favor of Defendants-Appellees Grae-Con Construction Inc. and Fanning/Howey Associates Inc., the general contractor and the architectural firm, respectively, on the school building project. The trial court found the school district's breach of contract claims barred by the ten-year construction statute of repose in R.C. 2305.131. The school district originally argued this statute of repose is limited to tort claims and does not apply to contract claims, relying on the Ohio Supreme Court's *Kocisko* case, which found a former version of the statute applied to only tort claims. However, the Supreme Court recently ruled, in *New Riegel Local School District Board of Education*, that its prior case law on the statute of repose in R.C. 2305.131 was not stare decisis due to the differences in the statutory versions and that the current version applies to bar contract as well as tort claims.

{¶2} In a supplemental brief, the school district raises an issue the *New Riegel* Court refused to address, arguing a claim which accrued during the ten-year period is not affected by the statute of repose. This argument is overruled for the various reasons expressed herein.

{¶3} Alternatively, the school district contends the court could not constitutionally apply the statute of repose as it has the same effect as the prior version ruled unconstitutional in the Supreme Court's *Brennaman* case. However, the trial court was not precluded from applying the current statute of repose by *Brennaman* as that case is not stare decisis on the new statute of repose and the holding therein is no longer followed. Accordingly, the trial court's judgment is affirmed.

Case No. 17 BE 0043

## STATEMENT OF THE CASE

{¶4} The school district entered contracts to construct a new elementary school and renovate the middle and high schools. The contract with Fanning/Howey Associates Inc. for architectural, engineering, and construction administration services was entered in 1995. The school district hired Grae-Con Construction Inc. to serve as the general contractor on the project in 1996.

{¶5} A certificate of substantial completion was issued for the middle school on April 15, 1998 and signed by school district representatives on May 12, 1998 and August 6, 1998. The certificate said the date of substantial completion was October 31, 1997 and the owner assumed responsibility for maintenance and damage to the work as of that date. The parties agree these dates are also applicable to the high school.[1]

{¶6} As to the elementary school, a certificate of substantial completion was issued on October 5, 1998 and signed by the school district on October 19, 1998. This certificate said the owner assumed responsibility for maintenance and damage to the work on the following dates of substantial completion: July 21, 1998 for the elementary school, August 26, 1998 for the kitchen, and September 24, 1998 for the site work.

{¶7} In 2008, the elementary school experienced noxious odors, discolored walls, and mold, and the high school experienced water infiltration and other damage. On July 23, 2012, the school district filed a complaint against the general contractor and the architectural firm as a result of these issues with the elementary and high schools. The complaint stated that inspections and testing (performed in 2008 after experiencing the problems) revealed defects in the construction of the elementary and high school buildings which allowed water to infiltrate and to damage interior and exterior surfaces. The school district alleged breach of contract for failure to perform in a workmanlike manner, to substantially perform all contracted work, and to complete it in accordance with warranties, industry standards, and any applicable codes.

{¶8} The defendants filed motions for summary judgment, arguing the school district's claims were barred by the ten-year construction statute of repose in R.C. 2305.131(A)(1), which period began on the date of substantial completion. The

---

[1] The defendants say this certificate included the high school, noting the August 1998 signature was that of a high school representative, and the plaintiff admits the date of substantial completion for the high school is the same as the middle school.

Case No. 17 BE 0043

defendants observed: the dates specifically set forth in the certificates as the substantial completion dates were October 31, 1997 for the high school and July 21, 1998 for the elementary school; even using the later dates when the certificates were signed, the time in R.C. 2305.131 still expired before the complaint was filed; although the statute of repose provides extra time to a plaintiff who discovers the issue in the final two years of the ten-year period, the school district failed to file the complaint within two years of the 2008 discoveries as required by R.C. 2305.131(A)(2).

{¶9} In applying the statute of repose to the school district's contract claims, the defendants urged that the statute was not limited to tort claims. They asserted the Supreme Court's *Kocisko* case, which held the prior version of the statute applied only to tort actions, was not precedent on the current version of the statute, which was very different. The defendants preemptively argued that the Supreme Court's *Brennaman* case (which found R.C. 2305.131 violated the constitutional right-to-remedy clause for a tort plaintiff who was injured after the statutory period expired) was not binding as it applied to a prior and different version of the statute.[2]

{¶10} The school district's memorandum in opposition to summary judgment said it was not pursuing a tort claim, the statute of repose only barred tort claims, and without an applicable statute of repose, its contract claims were subject only to the 15-year statute of limitations (which allegedly had not yet run). The school district claimed the current statute of repose was substantially similar to the prior version and the court was thus bound by Ohio Supreme Court law such as *Kocisko*, which held the prior version of the statute was inapplicable to contract claims.

{¶11} The school district also briefly stated the current statute could not be constitutionally applied to deny their cause of action as it has the same effect as the prior version of the statute which was ruled unconstitutional in the Ohio Supreme Court's *Brennaman* case. In reply, the defendants argued that not only was *Brennaman* inapplicable to the new statute of repose, but the Supreme Court effectively overruled *Brennaman* in later cases.

---

[2] The defendants also noted that there was no constitutional issue with the retroactivity clause in Article II, Section 28 of the Ohio Constitution, distinguishing the facts from *Oaktree Condo. Assn. Inc. v. Hallmark Bldg. Co.*, 139 Ohio St.3d 264, 2014-Ohio-1937, 11 N.E.3d 266, ¶ 8, 12, 17 (where the claim accrued when owner learned of construction defect, which was during a period that there was no statute of repose). The school district raised no argument on retroactivity below or on appeal.

**{¶12}** On October 19, 2017, the trial court granted summary judgment for the defendants. The court found: the work was completed in 1998, with the last certificate of substantial completion provided in October 1998; the school district discovered problems with both buildings in 2008, which was three years after the statute of repose went into effect; the complaint was not filed until 2012; and the school district stipulated that the complaint set forth only contract claims. The court concluded the plain language of R.C. 2305.131 applied not only to tort claims but also to contract claims and the school district's claims were barred by the ten-year construction statute of repose.[3]

**{¶13}** The school district filed this timely appeal, and briefing closed on May 30, 2018. On August 3, 2018, we issued a stay pending the release of a pertinent case which had been accepted for review by the Ohio Supreme Court. On July 17, 2019, the Supreme Court issued its decision in *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng. Inc.*, __ Ohio St. 3d __, 2019-Ohio-2851, __ N.E.3d __. We ordered any supplemental briefs addressing the ramifications of the *New Riegel* decision to be filed within 30 days of the release of the Supreme Court's decision. Timely supplemental briefs were filed by the defendants on August 16, 2019. The school district filed an untimely supplemental brief on September 17, 2019 but leave was granted to file instanter.

STATUTE OF REPOSE

**{¶14}** Although a statute of repose and a statute of limitations both limit the time during which one must be prepared to defend a claim, they have distinct applications. *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 11, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 7, 134 S.Ct. 2175, 2182, 189 L.Ed.2d 62 (2014). A statute of limitations provides "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Antoon*, 148 Ohio St.3d 483, quoting *Black's Law Dictionary* 1636 (10th Ed.2014). *See also CTS Corp.*, 573 U.S. at 8 (a statute of limitations requires the diligent prosecution of known claims). For instance, the statute of limitations applicable to written contracts

---

[3] The court said there was no just reason for delay and found other pending motions moot, including a motion for partial summary judgment by the architectural firm on its performance. Third-party defendants, who were subcontractors, filed motions to dismiss based on the same argument that the statute of repose applied to contract claims. Some have filed briefs in this appeal supporting the defendants.

stated (at the time[4]) that the action "shall be brought within fifteen years after the cause thereof accrued." R.C. 2305.06.

**{¶15}** "A statute of repose, on the other hand, puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *CTS Corp.*, 573 U.S. at 8 (a repose provision is equivalent to "a cutoff" or an "absolute bar" representing a legislative judgment that the defendant should be free from liability after a set period has elapsed from a certain act of the defendant). A statute of repose bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Antoon*, 148 Ohio St.3d 483, quoting *Black's* at 1637. The current construction statute of repose begins by stating:

> Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

R.C. 2305.131(A)(1). Substantial completion is defined as "the date the improvement to real property is first used by the owner or tenant of the real property or when the real

---

[4]After this suit was filed, the statute of limitations for written contracts was amended to "eight years after the cause of action accrued." R.C. 2305.06 (with Uncodified Law providing that if the cause of action accrued prior to the September 28, 2012 effective date, then "the period of limitations shall be eight years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first"). *See also Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 7 (uncodified law is part of Ohio law which is not assigned a permanent section number in the Revised Code as it is of limited duration or operation).

property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first." R.C. 2305.131(G).

{¶16} The statute delineates situations where the ten-year period can be extended. Where the plaintiff discovers a defective and unsafe condition of an improvement to real property during the ten-year period but less than two years prior to the expiration of that period, he may commence the civil action described in division (A)(1) within two years from the date of the discovery of the condition. R.C. 2305.131(A)(2). And, if the plaintiff cannot commence an action during the ten-year period due to a defined disability, the suit can be filed within two years of the removal of the disability. R.C. 2305.131(A)(3).

{¶17} The statute does not apply in a civil action against an owner or other person in actual possession and control of the improvement to real property at the time its condition constitutes the proximate cause of the injury to a person or to real or personal property. R.C. 2305.131(B). A defendant who engaged in fraud as described in division (C) cannot use division (A)(1) as an affirmative defense. R.C. 2305.131(C). Furthermore, division (A) does not prohibit the commencement of a civil action against a person who expressly warranted or guaranteed the improvement to real property for a period longer than the period in division (A)(1), if the warranty has not expired. R.C. 2305.131(D). The statute does not create a new cause of action against a person resulting from the design, planning, supervision of construction, or construction of an improvement to real property. R.C. 2305.131(E). Finally, the statute is "purely remedial in operation" and is to be "applied in a remedial manner in any civil action commenced on or after the effective date of this section, in which this section is relevant, regardless of when the cause of action accrued and notwithstanding any other section of the Revised Code or prior rule of law of this state" but is not to be applied to any civil action pending prior to the April 7, 2005 effective date. R.C. 2305.131(F).

{¶18} The prior version of R.C. 2305.131, addressed in the case law relied upon by the school district, stated in whole:

No action to recover damages for any injury to property, real or personal, or

for bodily injury or wrongful death, arising out of the defective and unsafe

condition of an improvement to real property nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.

*Sedar v. Knowlton Constr. Co.*, 49 Ohio St.3d 193, 194, 551 N.E.2d 938 (1990), quoting former R.C. 2305.131.

ASSIGNMENT OF ERROR

{¶19} The school district's sole assignment of error provides:

"The trial court erred in dismissing Appellant's lawsuit in its Judgment Journal Entry of October 19, 2017 * * * wherein the trial court found that the Ohio Statute of Repose, R.C. 2305.131, barred Appellant's lawsuit."

{¶20} In the initial brief, the school district argued the ten-year construction statute of repose only applies to tort claims, does not apply to contract claims, and the trial court erred in refusing to apply the Supreme Court precedent finding the prior version of the statute applied only to tort claims. *See Kocisko v. Charles Shutrump & Sons Co.*, 21 Ohio St.3d 98, 99, 488 N.E.2d 171 (1986), syllabus ("R.C. 2305.131 applies only to actions which sound in tort. Actions in contract continue to be governed by the fifteen-year statute of limitations found in R.C. 2305.06."). *See also Sedar*, 49 Ohio St.3d at 197. The school district claimed the Supreme Court law on the prior version must be applied because the current statute is substantially similar to the prior version.

{¶21} The Fifth District held *Kocisko* did not bind courts to hold that the current statute of repose applies only to tort claims. *State by & through Wray v. Karl R. Rohrer Assocs. Inc.*, 2018-Ohio-65, 104 N.E.3d 865, ¶ 18, 25-26 (5th Dist.). The Fifth District then concluded the current statute of repose bars contract as well as tort claims. *Id.* at ¶ 30, 34 (applying the statute where the complaint sought to recover from the engineering

Case No. 17 BE 0043

and construction supervision firm for damages to real property from a defective improvement involving inadequately supported walls which caused crumbling around windows).

{¶22} The Third District, however, opined it was bound by the Supreme Court's holding on the prior version of the statute. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng. Inc.*, 3d Dist. Seneca Nos. 13-17-03, 13-17-06, 2017-Ohio-8521. In that case, the school district sued the architectural firm and contractors for breach of contract alleging failure to perform in a workmanlike manner due to moisture intrusion caused by errors in construction and design in building a new school. The school district took occupancy in 2002, received a certificate of completion with a transfer of responsibility in 2004, and filed suit in 2015. The trial court dismissed the action due to the ten-year statute of repose. Although the Third District opined the plain language of the current statute was not limited to claims for torts only, the court concluded it was bound by the *Kocisko* case, which held that former R.C. 2305.131 applied only to tort claims. *Id.* at ¶ 11. *See also New Riegel,* 3d Dist. Seneca No. 13-17-04, 2017-Ohio-8522 (companion case).

{¶23} We issued a stay in this case when the Ohio Supreme Court accepted propositions of law in *New Riegel* asking if courts are required to apply stare decisis in cases where the legislature replaced the statute the Court previously declared unconstitutional and if the 2005 statute of repose in R.C. 2305.131 applies to claims arising under written contracts in addition to claims sounding in tort. In reversing the Third District, the Supreme Court emphasized the various changes and additions in the current statute.

{¶24} For example, the repose provision now begins by emphasizing, "Notwithstanding an otherwise applicable period of limitations specified in this chapter"; the 15-year statute of limitations for written contracts is in R.C. 2305.06 (the same chapter). R.C. 2305.131(A)(1). It also ends by stating the statute, if relevant shall be applied "in any civil action" filed after the enactment "notwithstanding any other section of the Revised Code or prior rule of law * * *." R.C. 2305.131(F). There is now an exception for express warranties on the real property improvement. R.C. 2305.131(F). The statutory trigger became "substantial completion" which is defined as the date the improvement is first used by the owner or when the property is first available for use after

Case No. 17 BE 0043

the improvement was completed "in accordance with the contract or agreement covering the improvement, including any agreed changes to the agreement * * *."  R.C. 2305.131(G).  The legislature added savings provisions for claims discovered in the last two years of the ten-year period and for disability, and an exception was added for fraud.  R.C. 2305.131(A)(2)-(3),(C).  Finally, the former statute said "No action * * * shall be brought" while the current statute provides "no cause of action * * * shall accrue" (later than ten years from the date the project was substantially completed).  R.C. 2305.131(F).

**{¶25}** The Supreme Court found the legislation was not substantially similar to the prior version and thus courts were not bound by stare decisis.  *New Riegel,* __ Ohio St. 3d __, 2019-Ohio-2851 at ¶ 22.  The Court then concluded the statute of repose as enacted in 2005 applied to contract claims.  *Id.* at ¶ 26.  Accordingly, Ohio's construction statute of repose applies to all causes of action, whether sounding in tort or contract, that seek to recover damages against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property for an injury to real property that arises out of a defective and unsafe condition of an improvement to real property.  *Id.* at ¶ 30.

**{¶26}** As the current statute of repose applies to contract claims as well as tort claims, we overrule the school district's argument that the trial court was bound to follow case law finding a prior statute of repose applied only to tort claims.

Issue Unaddressed by the Supreme Court in *New Riegel*:

**{¶27}** At the end of *New Riegel*, the Supreme Court said it would not address one of the appellant's arguments because it was not before the Court in a proposition of law and was not addressed by the courts below.  The appellant in *New Riegel* said its breach of contract claims accrued when the defective design was published by the architect and when the defective construction occurred, which was before the ten-year period in the statute of repose.  From this, the appellant argued the statute only bars claims from accruing after the repose period and has no effect on a claim that accrued within the repose period.  *New Riegel*, __ Ohio St. 3d __, 2019-Ohio-2851 at ¶ 32.

**{¶28}** A similar argument was not raised to this court in the school district's initial brief but was added in a supplemental brief filed after the Supreme Court's *New Riegel* decision (and after the deadline for supplemental briefing had passed).  Supplemental

briefing was for the purpose of addressing the ramifications of the Supreme Court's decision, not an opportunity to raise new theories. (8/3/18 J.E.).

{¶29} The school district notes the Supreme Court remanded the *New Riegel* case to address remaining arguments. However, there was an assignment of error left unaddressed by the Third District (due to its belief that it was constrained to find the statute of repose only applied to torts). Moreover, it was not mentioned whether the particular contention (that a claim which accrued during the statute of repose cannot be barred by it) was raised below in *New Riegel*.

{¶30} As the defendants point out, the argument was not raised by the school district to the trial court in the case before this court. Contrary to the contention in the school district's supplemental brief, the specific theory that the statute of repose does not apply to claims accruing during the repose period was not properly raised below. For instance, the January 2015 response to summary judgment at pages 2-3 did not raise this specific legal argument as now claimed by the school district. Mentioning that a contract claim accrues when construction was completed does not raise the legal argument that a claim which accrues during the statute of repose is not subject to it.

{¶31} And, the issue was not raised or suggested by the school district's citation to the *Elizabeth Gamble* case which found the statute of repose only applied to tort claims. This case did not even suggest the issue raised in the *New Riegel* case. *See Elizabeth Gamble Deaconess Home Assn. v. Turner Constr. Co.*, 14 Ohio App.3d 281, 284-285, 470 N.E.2d 950 (1st Dist.1984). The reason the First District applied the 15-year contract statute of limitations was specifically because it found the 10-year statute of repose applicable to tort claims. *Id.* No one disputed in that case or in the case at bar that if the statute of repose applied only to tort claims and did not apply to contract claims, then the 15-year statute of limitations for written contracts would apply. This recognition is not the same as arguing that a claim accruing during the 10-year statute of repose is not even subject to the statute of repose.

{¶32} As the defendants' timely supplemental briefing points out, the appellate court need not reach an argument which was waived by failing to raise it with the trial court. *See, e.g., Wynn v. Waynesburg Rd LLC*, 7th Dist. Carroll No. 17 CA 0921, 2018-Ohio-3858, ¶ 11; *Stanton v. Marc's Store*, 7th Dist. Mahoning No. 15 MA 49, 2015-Ohio-5551, ¶ 35 (alternate theory not raised in opposition to summary judgment was waived),

citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982) ("the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention"). Employment of a plain error review is left to the discretion of the reviewing court. *Paulus v. Beck Energy Corp.*, 7th Dist. Monroe No. 16 MO 0008, 2017-Ohio-5716, 94 N.E.3d 73, ¶ 30, citing *Risner v. ODNR*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27. The plain error doctrine in civil cases "is sharply limited to the extremely rare case involving exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997). This case does not present an obvious error or circumstances that are exceptional. (This also weighs against further staying the case to wait for the Third District to rule on remand in *New Riegel* under an assumption that the case would be accepted once again by the Ohio Supreme Court, as suggested by the school district.)

**{¶33}** In any event, this court concludes the argument is without merit. In doing so, we adopt Justice Kennedy's opinion (joined by Justice DeWine) as it persuasively disposes of the argument; this opinion concurred that the statute of repose barred both tort and contract claims but dissented on the majority's refusal to address the contention that a construction contract claim accrues during the ten-year repose period and the statute only bars accrual after the ten-year period. *New Riegel* at ¶ 34-44 (Kennedy, J., concurring in part and dissenting in part). The opinion then addressed and rejected the contention.

**{¶34}** Assuming arguendo the school district's cause of action accrued before the expiration of the ten-year period, we find it would still be barred as accrual is not the trigger for the statute of repose. As Justice Kennedy pointed out, the Court already recognized that the statute of repose bars causes of action that had accrued but were not commenced prior to the end of the ten-year repose period. *Id.* at ¶ 37, citing *Oaktree Condo. Assn. Inc. v. Hallmark Bldg. Co.*, 139 Ohio St.3d 264, 2014-Ohio-1937, 11 N.E.3d 266. The argument of the school district (which the majority in *New Riegel* refused to address) would render parts of the statute of repose meaningless and inoperable, including the discovery and disability exceptions/extensions. *See New Riegel* at ¶ 39-41 (Kennedy, J., concurring in part and dissenting in part), citing R.C. 2305.131(A)(2) (those who discover the condition during the last two years of the ten-year repose period have two years from

the discovery to commence their suit) and R.C. 2305.131(A)(3) (if the cause of action "accrues during the ten-year period" and the plaintiff cannot commence an action during that period due to a disability, then the plaintiff may commence the civil action within two years from the removal of that disability). *See also Board of Edn. of Tuslaw Local School Dist. v. CT Taylor Co. Inc.*, 5th Dist. Stark No. 2018CA00099, 2019-Ohio-1731, ¶ 22-25 (rejecting the argument that if a claim accrues within the 10-year period of repose, then a suit can be commenced after the 10-year period, subject to the 15-year contract statute of limitations).

**{¶35}** R.C. 2305.131 prohibits an action after a set amount of time from a certain event (substantial completion), without regard to the date of accrual, and thus it is a statute of repose that eliminates the right to a cause of action after that set amount of time from the named event. *See CTS Corp. v. Waldburger*, 573 U.S. 1, 8-9, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014) ("a statute of repose is a legislative judgment that defendants should be free from liability after a determined amount of time, measured from the date of the defendant's last culpable act" which is defined in the statute). An example of language representing a statute of repose set forth in the *CTS* case was: "no cause of action shall accrue more than ten years from the last act". *Id.* at 16. The statute of repose in R.C. 2305.131, similarly states that no cause of action shall accrue later than ten years from the date of substantial completion.

**{¶36}** R.C. 2305.131 is "a true statute of repose, i.e., one that bars accrued claims as well as those that have not yet vested." *New Riegel* at ¶ 43 (Kennedy, J., concurring in part and dissenting in part), citing *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 16, quoting *CTS*, 573 U.S. at 8-9. The statute of repose in R.C. 2305.131 "extinguishes liability * * * after ten years from its substantial completion * * *." *New Riegel* at ¶ 44 (Kennedy, J., concurring in part and dissenting in part). The statute of repose provides a cutoff date which absolutely bars liability by placing an outer limit on the right to bring a civil action; its application does not depend on whether the cause of action has accrued as "[i]t extinguishes liability regardless" of whether the cause of action accrued or not. *Id.* at ¶ 43, citing *CTS*, 573 U.S. at 8-9. Using this analysis, we conclude the school district's supplemental argument lacks merit.

Constitutionality under *Brennaman*

**{¶37}** The school district's initial brief raises a constitutionality issue by stating the Supreme Court's *Brennaman* case ruled R.C. 2305.131 was unconstitutional and thus the current version cannot be applied as it has the same effect as the former version. No constitutional right is specified, and no constitutional section is cited. Below, the school district's argument on constitutionality was similarly limited. As the school district wholly relies on the *Brennaman* case, we review the parameters of that decision, which involved the following constitutional provision: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Article I, Section 16 of the Ohio Constitution.

**{¶38}** The *Brennaman* Court said the right-to-remedy clause provides the plaintiff a reasonable period of time to file suit after an accident, but R.C. 2305.131 deprived the plaintiff of the right to file its tort suit before he was even injured. *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 466-467, 639 N.E.2d 425 (1994) (and finding the complaint was filed within a reasonable time of one year after the cause of action arose). *Brennaman* overruled *Sedar*, a ruling made only four years earlier. In *Sedar*, the Supreme Court found the same construction statute of repose did not violate the right-to-remedy provision in Article I, Section 16. *Sedar v. Knowlton Const. Co.*, 49 Ohio St.3d 193, 201-202, 551 N.E.2d 938 (1990) (the statute did not take away an existing cause of action from a plaintiff who was injured after the expiration of the ten-year period, but it merely prevented a potential cause of action from ever arising).

**{¶39}** In *New Riegel*, the Ohio Supreme Court emphasized: "We do not apply stare decisis to strike down legislation merely because it is similar to a previous enactment that we found unconstitutional." *New Riegel*, __ Ohio St. 3d __, 2019-Ohio-2851 at ¶ 16, citing *Groch v. General Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 104. If the legislation is not phrased in substantially the same language as a previously invalidated statute, then stare decisis does not apply. *New Riegel*, __ Ohio St. 3d __, 2019-Ohio-2851 at ¶ 16, citing *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 22-23.

**{¶40}** As reviewed supra, the *New Riegel* Court reviewed the various amendments, finding *Kocisko* was not stare decisis on the issue of whether the statute

applied to contract claims. For instance, the Court pointed out how the prior statute prevented only the commencement of an action, while the current version can prevent the accrual of an action. *New Riegel*, __ Ohio St. 3d __, 2019-Ohio-2851 at ¶ 16 (and noting the legislature's prior intent to avoid the issue with denying a remedy by changing the language to prevent the cause of action from vesting). *See also Karl R. Rohrer Assocs.*, 2018-Ohio-65 at ¶ 19, 23, 40 (the current version is a true statute of repose which "extinguishes all claims ten years after completion of the project irrespective of whether the plaintiff has filed a complaint in a timely manner"). In addition, there are extensions for those who discover the defect within the last two years of the period or who were under a disability, and there is an exception for fraud.

{¶41} Moreover, the legislature issued a "statement findings and intent" when enacting the 2005 statute; this uncodified law was cited by both parties (on the contract versus tort issue) and reviewed by the Supreme Court in *New Riegel*. The legislature voiced its consideration of the fact that subsequent to the completion of the construction of an improvement to real property, the person who provided services for the improvement or who furnished the design, planning, supervision, or construction of the improvement lacks control over the improvement in order to monitor and maintain it and lacks control over and knowledge of any forces and intervening causes that may strain the improvement. *Karl R. Rohrer,* 2018-Ohio-65 at ¶ 27, quoting 2004 SB 80 § 3, eff. 4-7-05. It was recognized that discovering evidence and witnesses is problematic more than ten years after completion of an improvement to real property and keeping records of the services should only be required for a reasonable time, noting that although "the useful life of an improvement to real property may be substantially longer than ten years after the completion of the construction of the improvement, it is an unacceptable burden to require the maintenance of those types of records and other documentation for a period in excess of ten years after that completion[.]" *Id.* The legislature declared that the 2005 statute of repose "strikes a rational balance between the rights of prospective claimants and the rights of design professionals, construction contractors, and construction subcontractors and to declare that the ten-year statute of repose prescribed in that section is a rational period of repose intended to preclude the pitfalls of stale litigation * * *." *Id.*

{¶42} The final section of the legislative statement of intent provides: "The Ohio General Assembly respectfully requests the Ohio Supreme Court to uphold this intent in

Case No. 17 BE 0043

the courts of Ohio * * * and to reconsider its holding on statutes of repose in Brennaman v. R.M.I. Co. (1994), 70 Ohio St. 3d 460." *See* http://archives.legislature.state.oh.us/bills.cfm?ID= 125_SB_80 (uncodified law of SB 80 from the 124th General Assembly). Likewise, division (F) of R.C. 2305.131 specifies the statute of repose is remedial in operation and applies to all civil actions commenced on or after the effective date regardless of other statutes or a prior rule of law. *Karl R. Rohrer,* 2018-Ohio-65 at ¶ 25-26 (this presumably includes case law based on the prior version of the statute and any common law precedent).

**{¶43}** The Second District found the current construction statute of repose sufficiently distinct from the version reviewed in *Brennaman* so that the doctrine of stare decisis did not bind the court to strike down the current statute of repose as unconstitutional. *McClure v. Alexander,* 2d Dist. Greene No. 2007 CA 98, 2008-Ohio-1313, ¶ 53. The legislative statement of findings and intent in enacting the statute of repose were considered. *Id.* at ¶ 38-47. The court found the current version was a true statute of repose, whereas the prior version was similar to a statute of limitations, and noted the savings provisions and the exception for fraud within the current statute. *Id.* at ¶ 51-52. The Second District also pointed to the Supreme Court's *Groch* case. *Id.* at ¶ 51.

**{¶44}** *Groch*, which was also cited in *New Riegel* for the law on whether to apply stare decisis, involved the product liability statute of repose which extinguished a claim ten years after the product was delivered. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377. Like the construction statute of repose, the product liability statute of repose stated: "This section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after the effective date of this amendment, in which this section is relevant, regardless of when the cause of action accrued and notwithstanding any other section of the Revised Code or prior rule of law of this state, but shall not be construed to apply to any civil action pending prior to the effective date of this amendment." *Id.* at ¶ 98, quoting R.C. 2305.10.

**{¶45}** In *Groch*, one party argued *Brennaman* was stare decisis, and the other side argued *Brennaman* was incorrect. Although considering a different statute of repose than the one at issue in the *Sedar* decision and in the *Brennaman* decision overruling *Sedar*, the *Groch* Court disparaged *Brennaman* and praised *Sedar*. It was opined that

"*Sedar* was a thorough and concise opinion that fully sustained each of its specific conclusions with extensive reasoning," while *Brennaman* was arbitrary, lacked analysis, failed to mention the presumption in favor of constitutionality, failed to defer to the legislature on matters of public policy, and ignored the distinction between a statute of repose and a statute of limitations. *Groch*, 117 Ohio St.3d 192 at ¶ 135-137, 141-142.

**{¶46}** The *Groch* Court ultimately declined the invitation to expressly overrule *Brennaman* because it was not rendered under the product liability statute of repose and also because a case need not be applied where current enactments are "sufficiently different from the previous enactments to avoid the blanket application of stare decisis and to warrant a fresh review of their individual merits" such as where "the General Assembly has made progress in tailoring its legislation to address the constitutional defects identified" in prior cases. *Id.* at ¶ 105-106, 147, quoting *Arbino*, 116 Ohio St.3d 468 at ¶ 24. Still, the Court concluded: "We find that the interpretation of the open-courts and right-to-remedy provisions by this court in *Sedar* is more fully developed and appropriate than that set forth in *Brennaman*. We specifically adopt *Sedar's* rationale here, finding that its holding is based on proper construction of the requirements of Section 16, Article I." *Groch*, 117 Ohio St.3d 192 at ¶ 148.

**{¶47}** Thereafter, the Ohio Supreme Court found the medical malpractice statute of repose did not violate the right-to-remedy clause of the Ohio Constitution, whether it extinguishes a cause of action that is vested or not yet vested. *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 29, 34 (application of statute of repose to claim that accrued and vested within the 4-year statute of repose did not violate right-to-remedy clause); *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 35 (a plaintiff whose cause of action for medical malpractice does not accrue until after the statute of repose has expired is not deprived of a vested right, and the statute of repose is a valid exercise of the General Assembly's authority to limit a cause of action). And, the medical malpractice statute of repose had no fraud exception, unlike the construction statute of repose. *See generally Crissinger v. Christ Hosp.*, 1st Dist. Hamilton No. C-150796, 2017-Ohio-9256, ¶ 24 (finding medical malpractice statute of repose constitutional notwithstanding the lack of a fraud exception such as that contained in R.C. 2305.131).

**{¶48}** As reviewed above and as found by the Supreme Court in *New Riegel*, there are many dispositive differences between the 2005 version of R.C. 2305.131 and the version reviewed in *Brennaman*. The *New Riegel* court refused to find its *Kocisko* case stare decisis in interpreting certain language in R.C. 2305.131 that persisted in the current version. Due to the repeal of the prior version and the substantial changes in the current version, the *Brennaman* holding on the prior version of the statute was not stare decisis. As such, the trial court did not err in refusing to follow the *Brennaman* holding (that the prior version violated the right-to-remedy clause for a plaintiff who suffered damages after the expiration of the statute of repose).

**{¶49}** Statutes are strongly presumed to be constitutional; it is difficult for a party to show a statute is unconstitutional; and it must appear beyond a reasonable doubt that the legislation and the constitutional provision raised are clearly incompatible. *Groch*, 117 Ohio St.3d 192 at ¶ 25, 141 (and it is not the court's duty to judge the wisdom of a statute). Besides alleging the trial court was bound by *Brennaman*, the school district did not and does not set forth any arguments on the constitutional rights it was raising or explain how the legislation and the statute are incompatible. As the school district has not demonstrated beyond a reasonable doubt that the current statute of repose violates the right-to-remedy clause, its constitutional argument is overruled.

**{¶50}** For the foregoing reasons, the trial court's judgment is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

Case No. 17 BE 0043

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**