[Cite as *State ex rel. Betton v. Burgess & Niple, Inc.*, 2023-Ohio-740.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. Timothy Betton          Court of Appeals No.  E-22-001
                                                                                   E-22-002
        Appellant/Cross-appellee

                                                                 Trial Court No.  2016-CV-0593
Erie Co. Board of Commissioners

        Intervenor/Appellant-
        Cross-appellee

v.

Burgess & Niple, Inc., et al.

        Defendant
                                                                 **DECISION AND JUDGMENT**

Speer Bros., Inc.

        Appellee/Cross-appellant          Decided:  March 10, 2023

* * * * *

Dennis E. Murray, Sr., Charles M. Murray, and Donna J.
Evans, for appellant/cross-appellee.

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Gerhard K. Gross, Assistant Prosecuting Attorney, for
Intervenor/appellant-cross-appellee.

Matthew A. Dooley, Ryan M. Gembala, Stephen M. Bosak, Jr.,
And Michael R. Briach, for appellee/cross-appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal and cross-appeal from five judgments by the Erie County Common Pleas Court. For the reasons set forth below, this court affirms, in part, and reverses, in part, the judgments of the trial court.

## I. Background

{¶ 2} This matter is a refiled[1] and supplemented[2] R.C. 309.13 taxpayer complaint by plaintiff-appellant/cross-appellee Timothy Betton ("Betton") against defendant-nonappellant Burgess & Niple, Inc. ("Burgess") and defendant-appellee/cross-appellant Speer Bros., Inc. ("Speer") alleging breaches of four contracts[3] with the intervening plaintiff-appellant/cross-appellee Erie County Board of Commissioners ("Erie"). Betton alleged Speer failed to adhere to the contracts' specific requirements for improvements to existing waterlines, referred to as "District A," and the design and construction of new waterlines, referred to as "District B," which was completed in August 2004. Betton further alleged that due to the contract breaches by Burgess, as the waterlines' project

---

[1] Betton originally filed his taxpayer complaint against Burgess and Speer on February 1, 2016, and assigned case No. 2016-CV-0082. On August 22, 2016, the trial court granted the defendants' Civ.R. 12(B)(6) motions to dismiss Betton's complaint for lack of R.C. 309.13 standing. Betton then refiled his taxpayer complaint on September 7, 2016, and assigned case No. 2016-CV-0593.

[2] Betton sought, and the trial court granted him, leave to supplement his taxpayer complaint with 11 additional instances of District B waterline failures, which he filed on May 15, 2017.

[3] The four contracts between Speer and Erie are dated September 20, 2001, March 24, 2002, November 25, 2002, and July 3, 2003.

2.

designer and construction supervisor, and by Speer, as the waterlines' installer, the waterlines are defective, and Erie will incur damages for repairs and to its credit rating.

{¶ 3} On July 7, 2017, Speer counterclaimed Betton for specific performance under the contracts and for declaratory judgment under the dispute resolution provisions of the contracts.

{¶ 4} Previously, on January 29, 2016, Erie declined Betton's request to initiate a civil action pursuant to R.C. 309.12 after, "our office examined and researched the specific issues [you raised,] reviewed the applicable public records and met multiple times with the Erie County Sanitary Engineer Jack Meyers. Based on the information before us, [we] will not institute a civil action for breach of contracts related to the installation of water pipelines in Erie County in 2001." Later, Erie explained it did so "solely due to practical reasons, such as staffing and finances." Nevertheless, by October 18, 2017, Erie, self-styled as "Intervenor for a Limited Purpose," received leave from the trial court to file its complaint in intervention. Erie's complaint, as subsequently amended, described the limited purpose intervention as follows: "participating in pre-trial and trial matters, addressing damages and resolution of the claims, [assisting Betton] in gathering information necessary to establish damages, and in attempting a resolution of the Breach of Contract claims pled by Betton in the Taxpayer Complaint" for an award of damages. Erie's complaint focused on Betton's allegations regarding the ongoing repairs to Speer's defectively-installed District B waterlines.

3.

{¶ 5} On May 14, 2018, Speer counterclaimed Erie for breach of contract and for declaratory judgment.

{¶ 6} The litigation continued, and the parties engaged in discovery. Eventually, Betton and Erie dismissed, with prejudice, Burgess,[4] and our review of the record will be limited to Betton, Erie and Speer.

{¶ 7} Speer repeatedly sought dismissal of Betton and Erie's complaints, which they opposed. Speer initially filed a Civ.R. 12(B)(6) motion to dismiss Betton's complaint on November 8, 2016. Among the grounds sought for dismissal, Speer argued that Betton lacked standing to bring a taxpayer suit under R.C. 309.13 because the complaint differed from the claims Betton presented to Erie in order to receive the January 29, 2016 letter from the Erie County prosecutor declining to file a civil action. The trial court denied the motion on June 12, 2017.

{¶ 8} Then Speer filed a Civ.R. 12(B)(1) motion to dismiss Betton's complaint on May 21, 2018, again alleging Betton's lack of standing. However, Speer now argued that since Erie fully intervened to assert Betton's claims against Speer, Erie is the real party in interest, and Betton lost his R.C. 309.13 standing to assert the identical claims against Speer. Betton and Erie opposed Speer's motion and acknowledged that Erie is the real party in interest.

---

[4] The Partially Stipulated Dismissal was filed on January 18, 2022. Burgess is not a party in this appeal.

**{¶ 9}** While Speer's motion to dismiss was pending, Speer then filed a Civ.R. 56 motion for summary judgment on September 16, 2019.  Speer argued that Betton's allegations of contract breaches for improvements completed in 2004 were barred by the R.C. 2305.131 statute of repose under the authority of *New Riegel Local School Dist. Bd. of Education v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482.  Betton and Erie opposed the motion.  The trial court denied the motion on October 28, 2019, as amended on May 20, 2020.[5]  The litigation continued.

**{¶ 10}** On August 31, 2021, Speer filed a "renewed motion to dismiss" Betton's complaint pursuant to Civ.R. 12(B)(1).  Speer argued that Betton lacked standing, and, consequently, the trial court lacked subject-matter jurisdiction, because deposition testimony indicated Betton was not a ratepayer of District B and lacked any personal stake in District B distinct from the general public.  Betton opposed the motion.  On October 14, 2021, the trial court converted the Civ.R. 12(B) motion to a Civ. R. 56 motion for summary judgment and provided the parties opportunities to file additional evidence, which they did.  On November 12, 2021, the trial court granted partial summary judgment against Betton, explaining:

> Plaintiff Betton has failed to provide any evidence that he qualifies
>
> as a taxpayer pursuant to its definition as contemplated in R.C. [309.13] or

---

[5] The trial court's amended judgment entry was in response to this court's remand for the lack of a final, appealable order.  *State ex rel. Betton v. Burgess & Niple, Inc.*, 6th Dist. Erie No. E-19-064 (May 4, 2020).  We determined that had the trial court found Betton's claims did not met the requirements of R.C. 2305.131, and that R.C. 2305.06 applied, the order would not be final and appealable.

R.C. 733.59. The operating funds for the relevant water district services are collected from rates paid by customers, and not by the taxpayers of Erie County. The court finds no authority to allow Betton to continue his taxpayer action as a ratepayer under the facts at hand. Because Betton is not a taxpayer bringing an action on behalf of the public, he lacks standing to bring such a case, and the court can no longer continue this action. * * * Plaintiff Board of Erie County Commissioners' claims remain pending, and trial will proceed as previously scheduled. Partial judgment.

{¶ 11} On December 14, 2021, Betton moved for reconsideration of the trial court's November 12 decision, and the trial court denied the motion on December 23.

{¶ 12} Meanwhile, on November 16, 2021, Speer filed a Civ.R. 12(B)(1) motion to dismiss Erie's complaint arguing that Erie's limited intervention was to support Betton's claims, and since Betton lacked standing, Erie also lacks standing. Erie opposed the motion, and on January 5, 2022, the trial court granted Speer's motion.

{¶ 13} Betton appealed the November 12 and December 23, 2021, judgment entries, which was assigned case No. E-22-001. Erie appealed the January 5, 2022 judgment entry, which was assigned case No. E-22-002. After this court consolidated both appeals on January 26, 2022, Betton and Erie jointly set forth two assignments of error:

> 1. The trial court erred when it granted Summary Judgment in favor of Appellee, Speer Bros., Inc., and denied Appellant Betton's Motion for

6.

Reconsideration, after deciding that Timothy Betton did not meet the statutory definition of a "taxpayer" as contemplated in R.C. 309.13 and therefore did not have standing to bring this action.

2. The trial court erred when it granted Appellee, Speer Bros., Inc's Civil Rule 12(B)(1) Motion to Dismiss Intervening Plaintiff-Appellant, Erie County Board of Commissioners' complaint for lack of standing.

{¶ 14} Speer timely filed a cross-appeal of the June 12, 2017, and October 28, 2019, as amended, judgment entries and set forth one assignment of error: "The trial court erred by failing to apply Ohio's statute of repose, R.C. 2305.131, to Betton's contract claims, and denying Speer Bros., Inc.'s Motion for Summary Judgment."

## II. Standard of Review

{¶ 15} We will first address Speer's cross-appeal as it is dispositive to this appeal. Speer's cross-appeal challenges the trial court's decision denying summary judgment, which we review de novo. *Ratonel v. Roetzel & Andress, L.P.A.*, 147 Ohio St.3d 485, 2016-Ohio-8013, 67 N.E.3d 775, ¶ 18.

{¶ 16} Pursuant to Civ.R. 56(C), summary judgment may be granted under the following three-part test: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to that party. *Id.* Summary judgment isolates and disposes of factually

7.

unsupported claims or defenses. *Dresher v. Burt*, 75 Ohio St.3d 280, 288, 662 N.E.2d 264 (1996). "The main purpose of the summary judgment statute is to enable a party to go behind allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Cunningham v. J. A. Myers Co.*, 176 Ohio St. 410, 413, 200 N.E.2d 305 (1964) (evaluating former R.C. 2311.041(D), now Civ.R. 56).

{¶ 17} "A 'material' fact is one which would affect the outcome of the suit under the applicable substantive law." *Mike McGarry & Sons, Inc. v. Construction Resources One, LLC*, 2018-Ohio-528, 107 N.E.3d 91, ¶ 57 (6th Dist.). "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

{¶ 18} After the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "produce evidence as to any issue for which that party bears the burden of production at trial." *Dejaiffe v. KeyBank USA Natl. Assn.*, 6th Dist. Lucas No. L-05-1191, 2006-Ohio-2919, ¶ 15.

{¶ 19} To withstand summary judgment under Civ.R. 56(E), the non-moving party must do more than speculate or offer unsupported conclusory assertions. *Deutsche Bank Natl. Tr. Co. v. Boreman*, 6th Dist. Ottawa No. OT-18-031, 2020-Ohio-3545, ¶ 45. Thus, we may make reasonable inferences from supported facts, but we may not make

8.

inferences from another inference, leading to speculation as to what the facts are. *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 130 N.E.2d 820 (1955), paragraphs one and two of the syllabus. Where there are claims and defenses having no factual basis, summary judgment allows a trial court to resolve them prior to trial. *Pettiford v. Aggarwal*, 126 Ohio St.3d 413, 2010-Ohio-3237, 934 N.E.2d 913, ¶ 21, citing *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 11 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III. R.C. 2305.131 Statute of Repose

{¶ 20} In support of its cross-assignment of error, Speer argues the trial court erred when it failed to grant summary judgment by disregarding the 10-year construction statute of repose, R.C. 2305.131, in favor of the 15-year statute of limitations, R.C. 2305.06, for written contracts. Speer argues the *New Riegel* decision clearly signaled that Betton's construction-oriented breach of contract claims, as supported by Erie, were barred by the statute of repose. We agree and find that, upon de novo review, even if Betton and Erie in this litigation had standing in which to confer subject-matter jurisdiction with the trial court, their breach of contract claims were barred by R.C. 2305.131.

{¶ 21} The trial court's amended journal entry is brief:

On October 28, 2019 Erie County Common Pleas Court denied the parties' respective motions for summary judgment. On November 26, 2019 Burgess and Speer filed separate notices of appeal from the October 28,

9.

2019 trial court decision. On May 4, 2020 the Sixth District Court of Appeals remanded the matter to the Erie County Common Pleas Court. Court of Appeals No. E-19-064. Pursuant to the decision from the Sixth District Court of Appeals this Court hereby finds that Plaintiff's claims do not meet the requirements of the statute of repose and therefore the statute of limitations set forth in R.C. 2305.06 apply. Therefore, the order [journalized on] October 28, 2019 denying the parties' respective motions for summary judgment is not a final appealable order.

{¶ 22} The trial court did not make any specific findings prior to concluding that Betton's claims do not meet the statute of repose. We will do so in our de novo review.

{¶ 23} The Ohio Supreme Court determined that R.C. 2305.131 "applies to contract actions that meet the requirements of the statute." *New Riegel*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, at ¶ 26. R.C. 2305.131(A)(1) states:

Notwithstanding an otherwise applicable period of limitations specified in this chapter * * *, no cause of action to recover damages for * * * an injury to real or personal property, * * * that arises out of a defective and unsafe condition of an improvement to real property * * *, shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

10.

**{¶ 24}** The statue defines "substantial completion" as "the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first." R.C. 2305.131(G).

**{¶ 25}** In support of its motion for summary judgment, Speer pointed to Betton's complaint, among other parts of the record, to show that construction was substantially completed by, and the waterline operational by, 2004: "A break that occurred on or about May 4, 2004 at Strecker Road where the pipe was found to be resting on a sharp rock." Speer also pointed to Betton's complaint where construction was substantially completed by, and the waterline operational by, 2003: "[O]n or about January 3, 2013, which was approximately only ten years after being placed into service, a 16-inch pipe cracked along its full length on Hayes Avenue (State Route 4)." In addition, the Erie County prosecutor's letter to Betton declining to initiate civil litigation stated the defective waterlines were installed in 2001. Betton then points to the undisputed fact that Betton did not file his complaint until September 7, 2016, which is more than ten years after substantial completion of the waterline and, therefore, barred by R.C. 2305.131(A)(1).

**{¶ 26}** Having met its burden on summary judgment to raise R.C. 2305.131(A)(1), the burden shifted to Betton to point to the evidence in the record of a genuine issue of material fact that R.C. 2305.131(A)(1) does not bar his complaint. First, Betton argued the trial court properly concluded, after the *New Riegel* decision, that R.C. 2305.131 did

11.

not bar Betton's complaint and that the longer limitations period under R.C. 2305.06 applied. Then Betton pointed to his complaint, among other parts of the record, to show that he alleged Speer breached the construction contracts by defectively installing the District B waterline system, and such defects are causing injury to the public in excess of $25,000. Without clearly identifying the relevant portions of the contracts themselves, Betton points to five examples of contract breaches by Speer: (1) some of the new waterline pipes were "improperly laid upon, or adjacent to, rocks of all sizes," (2) "proper granular stone bedding was not provided in waterline trenches," (3) "PVC pipes were joined by pushing them together using a backhoe or other machinery, which supplied too much force, (4) the welds on the high density polyethylene pipes "were not fused properly and have been failing with ever increasing frequency," and (5) "the service saddles installed by Speer as 'equals' to those specified in the contracts were not equals."

{¶ 27} While Betton carefully avoids pointing to evidence in the record of when substantial completion of the District B waterline occurred,[6] Betton argues in his opposition to summary judgment that his complaint alleges breaches of contract from Speer's installation of a defective waterline system, which has caused excessive repair costs, and does not allege unsafe conditions or any "injury" to real or personal property. Betton insists that none of his allegations of District B waterline defects by Speer are "injuries" to trigger R.C. 2305.131(A)(1). Thus, Betton argues that the excessive and

---

[6] Betton's statement of the facts of this appeal acknowledges, "The construction of the District B waterline was completed in August 2004."

12.

costly repairs to the District B waterlines allegedly caused by Speer's breaches of the construction contracts, and which also caused excessive water rate increases on customers, are simply not "injuries" to the waterlines for purposes of the statute of repose.

{¶ 28} We disagree in light of the essence of Betton's allegations in his complaint, as supplemented, of numerous injuries to Erie property in the form of subsurface waterline breaks. Betton points to those injuries to Erie's property as the evidence of Speer's breach of contract, arguing if Speer had installed the waterlines by following the contract specifications, there would not be waterline breaks. We find that Betton's self-serving evidence opposing summary judgment, by refusing to label the defects resulting from the contract breaches as "injuries," fails Civ.R. 56(E) requirements.

{¶ 29} We begin with the requirements of a statute of repose, as stated by the Ohio Supreme Court.

> A statute of repose is a statute that bars "any suit that is brought after a specified time since the defendant acted * * *, even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* 1637 (10th Ed.2014). The repose period begins to run "'when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.'" *Id.*, quoting 54 Corpus Juris Secundum, Limitations of Actions, Section 4, at 20-21 (1987).

*New Riegel*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, at ¶ 11.

13.

{¶ 30} The Ohio Supreme Court acknowledged that R.C. 2305.131(A)(1) specifically states the repose period applies notwithstanding an otherwise applicable period of limitations specified in this chapter, such as R.C. 2305.06 for written contract claims. *Id.* at ¶ 27. However, the court declined to opine on the issue of whether R.C. 2305.131(A)(1) shortens the time to file an accrued contract claim under R.C. 2305.06 because that issue was not addressed by either the trial court or the Third District Court of Appeals. *Id.* at ¶ 31-32. That is the essence of the assignment of error raised by Speer's cross-appeal.

{¶ 31} Following the *New Riegel* decision, the Seventh District Court of Appeals determined that specific issue and stated, "R.C. 2305.131 prohibits an action after a set amount of time from a certain event (substantial completion), without regard to the date of accrual, and thus it is a statute of repose that eliminates the right to a cause of action after that set amount of time from the named event." *Union Local School Dist., Bd. of Education v. Grae-Con Construction, Inc.*, 2019-Ohio-4877, 137 N.E.3d 122, ¶ 35 (7th Dist.). The court explained that while "a statute of repose and a statute of limitations both limit the time during which one must be prepared to defend a claim, they have distinct applications." *Id.* at ¶ 14. A statute of limitations is a time limit for suing in a civil case based on the date when the claim accrued. *Id.* A statute of repose places an absolute outer limit on the right to bring a civil action measured from the date specified in the statute, not the date when the claim accrues. *Id.* at ¶ 15. Therefore, R.C. 2305.131, as a true statute of repose, bars accrued contract claims and those claims that have not yet

14.

vested after ten years from substantial completion of the improvement. *Id.* at ¶ 36. It is undisputed in the record that the District B waterlines constructed by Speer as a result of the four construction contracts entered into with Erie are "improvements."

{¶ 32} The application of R.C. 2305.131(A)(1) is not altered if the basis of the injury is unknown or speculative, which is reflected in the record before us. *New Riegel* at ¶ 11.

{¶ 33} Betton testified at his deposition of the speculative basis for the injury caused by Speer's breaches of the construction contracts:

> Q: But you don't get water from District B, you get it from the City of Sandusky. So did you ever go to the City of Sandusky and say, "Hey, you know, I'm trying to connect the dots here. Are these issues that I'm hearing about with pipe depth and rocks impacting me as a Sandusky rate payer at all"?
>
> A: No.
>
> Q: Did you believe that they were impacting your rates?
>
> A: I figured they would be sooner or later, yes.
>
> Q: Can you tell me why you made that conclusion?
>
> A: Because it was a big project costing a lot of money. If it was wrong and had to be redone, that was going to be through the ratepayers.

15.

{¶ 34} Former Erie County Administrator Peter Daniel testified at his deposition of the speculative basis for the injury caused by Speer's breaches of the construction contracts:

Q: So our clients are being sued based on work in a contract they entered into in 2001[,] or earlier than that[,] for services provided from 2000 to 2004. If that county commissioner board knew what those costs were, that should be the expectation upon our clients in their performance, correct?

A: If those same board members were in place.

Q: Well, let me just understand your answer. Are you saying with your clarification that the current county commissioners potentially have a different expectation as what's the appropriate repair costs for Erie County in District B than the county commissioners who signed the contracts with Burgess & Niple and Speer Brothers?

A: I think that's fair.

Q: Do you know what the current county commissioners' expectations are in terms of the repair costs incurred for Erie County for District B?

A: Do I know?

Q: Yes.

A: No.

\* \* \*

Q: And did [the breaks] continue to a point that it became an unusual amount of breaks?

A: I think so.

Q: How did you make that determination?

A: Just my opinion.

Q: Based on what training?

A: None.

{¶ 35} Erie County Utilities Director David Moyer also testified at his deposition of the speculative basis for the injury caused by Speer's breaches of the construction contracts:

Q: You said there's been a lot of breaks in [District] B. I think you used "a lot" as your word, right? Is that what you used?

A: Yeah. I used a lot because a newer system like this shouldn't be breaking like it is.

Q: Tell me the standard or what's the accepted amount of breaks for the [District] B waterline?

A: For the newer [District] B, the standard should be it shouldn't be hardly any breaks right now. \* \* \* That's my opinion. \* \* \* We have a system that's \* \* \* 17 to 20 years old that's breaking that shouldn't be breaking for another 20 years in my opinion.

Q: Okay. I understand that's your opinion. Have you ever consulted with any standards that have actually gone into studies that * * * said, here's the performance or what they call the accepted failure rate of a waterline system? Have you ever reviewed any of those studies?

A: No.

{¶ 36} We agree with the Seventh District and, upon de novo review, find that Betton's breach of construction contract claims against Speer are barred by the statute of repose, R.C. 2305.131, having been filed more than ten years after substantial completion of the improvements. The record indicates substantial completion occurred by 2004, and Betton initiated this litigation more than ten years after substantial completion. The trial court erred when it denied Speer's motion for summary judgment where no genuine issue as to any material fact remained to be litigated, and reasonable minds can come to but one conclusion that Speer was entitled to judgment as a matter of law.

{¶ 37} Speer's cross-assignment of error is well-taken.

{¶ 38} In light of our determination on Speer's cross-assignment of error, we find that Betton's and Erie's first and second assignments of error are moot. App.R. 12(A)(1)(c).

### IV. Conclusion

{¶ 39} On consideration whereof, the judgments of the Erie County Court of Common Pleas are affirmed, in part, and reversed, in part. On reversal, judgment is

18.

hereby entered for Speer.  App.R. 12(B).  Betton and Erie are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.           _____
                                           JUDGE

Myron C. Duhart, P.J.         

                             _____
                                           JUDGE


Christine E. Mayle, J.         _____
CONCURS AND WRITES              JUDGE
SEPARATELY.


**MAYLE, J., concurring.**

**{¶ 40}** I agree with the ultimate disposition of this case.  I write separately to more fully address the parties' arguments relating to Speer's cross-appeal.

**{¶ 41}** The majority states that the "essence" of the parties' dispute centers upon whether R.C. 2305.131 is a true statute of repose—i.e., whether it bars accrued claims as well as claims that have not vested.  Ultimately, the majority agrees with the Seventh

District's determination that "R.C. 2305.131 prohibits an action after a set amount of time from a certain event (substantial completion), without regard to the date of accrual, and thus it is a statute of repose that eliminates the right to a cause of action after that set amount of time from the named event." *Union Local School Dist., Bd. of Edn. v. Grae-Con Constr., Inc.*, 2019-Ohio-4877, 137 N.E.3d 122, ¶ 35 (7th Dist.). In other words, the majority concludes that R.C. 2305.131 is a true statute of repose.

**{¶ 42}** I agree with this conclusion.[7] *See New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 43 (Kennedy, J., concurring) ("It is * * * manifest that the General Assembly understood R.C. 2305.131 to be a true statute of repose * * *."). I also agree that we must expressly resolve this issue as a necessary prerequisite to the cross-appeal. But the majority essentially ends its analysis there—and then summarily concludes that because R.C. 2305.131 is a true statute of repose, "Betton's breach of construction contract claims against Speer are barred [because they were] filed more than ten years after substantial completion of the improvements." Again, I agree, but there are a few missed steps in the analysis.

---

[7] Indeed, the parties do not dispute that R.C. 2305.131 is a true statute of repose. *See, e.g.*, Betton's response brief, pg. 7 ("Speer argues that the trial court's decision of October 28, 2019, to apply the fifteen-year statute of limitations for breach of contract, *may be* based upon the theory that R.C. 2305.131 is not a true statute of repose. This conclusion is pure speculation. This argument was not presented to the trial court by Appellants/Cross-Appellees, nor was it ever stated by the court." (Emphasis sic.)).

20.

{¶ 43} Betton has steadfastly maintained, in the trial court and on appeal, that "R.C. 2305.131 is a true statute of repose, but it does not apply to every action dealing with construction and it does not apply to the cause of action asserted by the Plaintiffs below in this case." The majority does not fully address this argument—i.e., Betton's claim that R.C. 2305.131 does not apply because his cause of action does not "meet[] the requirements of the statute." *New Riegel* at ¶ 1 (stating that R.C. 2305.131 "applies to any cause of action, whether sounding in tort or contract, so long as the cause of action *meets the requirements of the statute*." (Emphasis added.)).

{¶ 44} R.C. 2305.131 states, in relevant part, "no cause of action to recover damages for * * * an injury to real or personal property * * * that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue against a person who performed services for the improvement to real property * * * later than ten years from the date of substantial completion of such improvement." R.C. 2305.131(A)(1). Betton argues that R.C. 2305.131 is inapplicable because (1) he does not seek to recover damages for an injury to real or personal property *other than* the improvements themselves, and (2) his claim against Speer does not arise out of a "defective *and unsafe*" condition in an improvement to real property.

{¶ 45} Regarding Betton's first argument, the majority states that Betton denies that he has alleged any "'injuries' to the waterlines for purposes of the statute of repose." This is inaccurate. Betton expressly recognizes that he alleges injuries *to the waterlines themselves*—i.e., Betton concedes that the improvements are, in fact, defective. Betton

21.

actually argues that his claim against Speer does not fit within R.C. 2305.131 because he does not allege damage to any real or personal property *other than* the defective improvements themselves. That is, Betton claims that "[t]he law distinguishes between situations where a defective improvement to real property causes damage to *other* real or personal property and those situations when the improvement to real property is found to be defective and does not perform as it should." (Emphasis added.) He maintains that his cause of action merely seeks economic damages "arising directly from the improper installation of the waterline and [do not include] allegations of any damage caused by the waterline to *other* real or personal property resulting from the defective conditions of the waterline." (Emphasis added.)

{¶ 46} Essentially, Betton argues that "an injury to real or personal property * * *" under R.C. 2305.131 should be interpreted as "an injury to **other** real or personal property **other than the defective improvement itself** * * *." (Emphasized text added.) But courts must give effect to the words the General Assembly has chosen when enacting a statute, and may not add or delete words from the statutory language. *See, e.g.*, *Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 18 ("We apply the statute as written * * * and we refrain from adding or deleting words when the statute's meaning is clear and unambiguous * * *."). Here, the language of R.C. 2305.131 is unambiguous, and is not limited in the manner that Betton suggests. Rather, it applies broadly to causes of action "to recover damages for * * * an injury to real or personal property * * * that arises out of a defective and unsafe condition of an

22.

improvement to real property * * *." R.C. 2305.131(A)(1). Betton's cause of action—which seeks to recover breach-of-contract damages for allegedly-defective improvements to real property—falls squarely within the rubric of R.C. 2305.131 under *New Riegel.*

{¶ 47} Alternatively, Betton also argues that his claim against Speer does not arise out of a "defective *and unsafe*" condition in the improvement to real property, as required by R.C. 2305.131. He claims that "[t]he entire premise of the Complaint is that Speer failed to comply with the agreed-upon requirements of the construction contracts and those failures resulted in defective installations. There is no allegation of an unsafe condition of the waterline."

{¶ 48} To the contrary, at paragraph 47 of the complaint, Betton specifically alleges that "Erie County has incurred, and will continue to incur, expenses to repair future waterline breaks, expenses for user notifications ***and costs to minimize contamination risks***, due to improperly installed sections of waterlines." (Emphasis added.) In his brief, Betton attempts to minimize this allegation, claiming that "[t]he expenses listed in ⁋ [sic] 47 are the expenses necessary to disinfect the repaired pipe, prior to notifying customers that the water is again safe to drink, after a break. The contamination risk, that must be prevented, is an economic consequence of Speer's breaches, not an unsafe condition from which the claims arise." Betton's explanation, however, does not help his cause: damages that Erie incurs to ensure that "the water is *again* safe to drink" after a break necessarily means that the water is *unsafe* to drink

23.

during a break.  These damages unquestionably arise out of a "defective and unsafe condition of an improvement to real property * * *" under R.C. 2305.131.

{¶ 49} For these reasons, I concur with the majority's ultimate conclusion that Betton's cause of action against Speer is barred by R.C. 2305.131.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.